ANGELO CALLIGARIS'S CASE.

Suffolk.    October 8, 1935. — November 12, 1935.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Workmen's Compensation Act*, Action by insurer against negligent third person.

An agreement to settle an action brought under G. L. (Ter. Ed.) c. 152, § 15, by an insurer in the employee's name against a third person, may be approved by the Industrial Accident Board without notice to or hearing the employee.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act.

The case was heard by *Brogna, J.*

*T. B. Shea*, for the claimant.

*G. Gleason & W. M. Brady*, for the insurer, submitted a brief.

LUMMUS, J.    The employee sustained a compensable injury under circumstances which might create legal liability in a third person, the Boston Elevated Railway Company.    The insurer paid compensation to the employee, and brought an action in his name against the railway under G. L. (Ter. Ed.) c. 152, § 15.    That section contains a provision, inserted by St. 1929, c. 326, § 1, that "the insurer shall not make any settlement by agreement with such other person without the approval of the industrial accident board."

The board, without notice to the employee, gave approval to a settlement of the action for a sum not sufficient to reimburse the insurer, much less to produce anything for the employee.    The board denied the petition of the employee to revoke that approval, and declined to hear him on his petition.    The Superior Court affirmed the approval of the settlement and denied and dismissed the employee's petition.    The employee appealed.

Since the dismissal of the petition was right on the merits, and the practical result to the employee must be the same

whether questions of practice raised by the insurer are dealt with or not, we need not consider whether the procedure by which the case went to the Superior Court was proper under G. L. (Ter. Ed.) c. 152, §§ 11, 16, 17. *Commonwealth* v. *McNary*, 246 Mass. 46, 48. *Home Investment Co.* v. *Iovieno*, 246 Mass. 346, 348. *Creeley* v. *Creeley*, 258 Mass. 460, 463. *Warren's Case*, 272 Mass. 127, 129. *Goldman* v. *Noxon Chemical Products Co.* 274 Mass. 526, 529. *Ciarmataro* v. *Adams*, 275 Mass. 521, 528. *County of Middlesex* v. *Waltham*, 278 Mass. 514, 518. *Commonwealth* v. *Morgan*, 280 Mass. 392, 393. *Lender* v. *London*, 286 Mass. 45, 47. Until the amendment of 1929, an insurer might refuse to bring action against a third person, or settle the action at will when brought, without any consideration of the interests of the employee. The employee was only a possible beneficiary in case the action should result in a surplus after reimbursing the insurer. *Whalen* v. *Athol Manuf. Co.* 242 Mass. 547. *Jordan* v. *Orcutt*, 279 Mass. 413, 415, 416. *McDonald* v. *Employers' Liability Assurance Corp. Ltd.* 288 Mass. 170, 173. The amendment of 1929 changed this only by requiring approval of a settlement of a pending action, but did not give the employee a property right in the maintenance of the action nor entitle him to be heard as of right.

*Decree affirmed.*