WILLIAM M. MURPHY *vs.* LIBERTY MUTUAL INSURANCE COMPANY.

Suffolk.    May 19, 1936. — May 29, 1936.

Present: CROSBY, PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Actionable Tort. Workmen's Compensation Act,* Action by insurer against third person.

An employee under the workmen's compensation act has no right of action in tort against the insurer of his employer if the insurer, after paying compensation, compromises, without the approval of the Industrial Accident Board and for a sum less than the amount paid as compensation, a claim against a third person under G. L. (Ter. Ed.) c. 152, § 15, which was worth more than the amount paid in compensation.

TORT. Writ in the Superior Court dated January 2, 1936.

A demurrer of the defendant was sustained by order of *Walsh,* J., and the plaintiff appealed.

*E. M. Dangel,* (*L. E. Sherry* with him,) for the plaintiff.

*M. J. Aldrich,* (*G. P. Walsh* with him,) for the defendant.

LUMMUS, J. The plaintiff, an employee of a truckman insured by the defendant under the workmen's compensation act, was injured while visiting, in the course of his employment, premises leased by The Alpine Press Inc. in a

building owned by the estate of Oliver Ditson. He received from the defendant $2,900 as compensation. Under G. L. (Ter. Ed.) c. 152, § 15, the defendant brought an action against The Alpine Press Inc. in the name of the plaintiff, but did not prevail. *Murphy* v. *Alpine Press Inc.* 291 Mass. 239. A similar claim against the estate of Oliver Ditson was compromised by the defendant for $750, without the approval of the Industrial Accident Board required by G. L. (Ter. Ed.) c. 152, § 15.

The plaintiff brings this action of tort to recover four fifths of the difference between the sum of $2,900 received as compensation, and the amount which, he alleges, could have been recovered from the estate of Oliver Ditson had the claim not been unlawfully compromised. That amount, the plaintiff asserts, is $12,900, the amount of the verdict returned by the jury in the action against The Alpine Press Inc. which was lost by the decision of the trial judge in that action and the rescript of this court. The defendant demurred in the present action, and the judge sustained the demurrer on the ground that no cause of action was stated.

The demurrer was properly sustained. The compromise or settlement, if made as alleged in violation of the statute, was nugatory, and left the claim unimpaired. For that reason, if for no other, it did not constitute an actionable wrong. The plaintiff had no legal right to require the defendant to bring an action seasonably or to prosecute it diligently. *Calligaris's Case,* 292 Mass. 397. If the existing statute fails to impose upon an insurer a sufficient duty towards an employee, relief must be sought in the General Court.

*Order sustaining demurrer affirmed.*