JOHN J. BURKE *vs.* ATLANTIC RESEARCH CORPORATION.

Suffolk.  January 19, 1971. — March 2, 1971.

Present: TAURO, C.J., CUTTER, SPIEGEL, QUIRICO, & BRAUCHER, JJ.

*Workmen's Compensation Act*, Action against third person, Double compensation, Counsel. *Conflict of Interest. Attorney at Law.*

Where an employee elected to receive compensation under the Workmen's Compensation Act following injuries sustained during the course of his employment while his employer was altering a building controlled by a third person, and thereafter brought a claim before the Industrial Accident Board for double compensation under G. L. c. 152, § 28, which the insurer contested through counsel retained by it, and subsequently the insurer brought an action at law through other counsel in the employee's name but for its own benefit against the third person under § 15, it was held that the insurer's counsel in the third party action did not represent any interests therein which conflicted with the interests of the employee in his claim for double compensation, and that removal of such counsel from the third party action and substitution of counsel of the employee's choice would not have been warranted.

TORT.  Writ in the Superior Court dated July 23, 1969.

After denying a motion, the action was reported by *Smith,* J.

*Maurice F. Ford* for John J. Burke.

*Donald P. Zerendow* for The Hartford Insurance Group.

TAURO, C.J.  This is an action of tort brought by The Hartford Insurance Group (insurer) in the name of the plaintiff, John J. Burke, an injured employee, against Atlantic Research Corporation (Atlantic) as a third party under the provisions of G. L. c. 152, § 15.  The plaintiff in this action filed a motion to remove counsel representing the insurer in this case on the ground of conflicting interest. The motion was denied.  The issues raised were reported to this court.  G. L. c. 231, § 111.

The findings of the Superior Court judge which accompany the report are summarized:  On June 25 and 26, 1968, the plaintiff sustained injuries at his employment while his

employer was engaged in altering a building under the control of Atlantic. In July of 1968, the plaintiff elected to claim workmen's compensation under G. L. c. 152. Since then, he has been receiving weekly payments from the insurer. In April of 1969, the plaintiff entered a claim for double compensation against the insurer under G. L. c. 152, § 28, which claim is being contested by the insurer through independent counsel retained by the insurer. In July of 1969, the insurer, through an attorney who is an employee of the insurer, brought this third party action in the plaintiff's name against Atlantic for its own benefit under G. L. c. 152, § 15. Upon these facts the plaintiff contends "the attorneys for the insurer [in its action] against the third party were in conflict with . . . [the plaintiff's] interest in his claim against the insurer for double compensation." The insurer's counsel in the double compensation claim has petitioned the Industrial Accident Board to compel the plaintiff to coöperate with attorneys for the insurer in the third party action. The plaintiff wants an attorney of his own choice to prosecute the third party action. In denying the plaintiff's motion the judge in the Superior Court reported the following three questions for determination by this court: "1. Is counsel retained by the insurer in the third party action by that retention in conflict with the interests of the . . . [plaintiff] in his claim against [the] insurer for his double compensation claim? 2. If there is a conflict of interest in question one can the statutory right of the insurer under . . . [G. L. c. 152, § 15] be revoked under these circumstances, and . . . [plaintiff] be allowed to select his own counsel? 3. If . . . [plaintiff] is allowed to select his own counsel, how should compensation for counsel be apportioned?"

The facts of this case disclosed by the record do not warrant a finding of conflict of interest as urged by the plaintiff. The insurer's action against the third party has been brought only nominally in the plaintiff's behalf. Under G. L. c. 152, § 15, the insurer had the right to bring a third party action either in the name of the plaintiff or in its own name. "The

insurer may or may not, as it deems expedient, commence an action against the wrongdoer but it cannot be compelled by the employee to do so.[1] *Whalen* v. *Athol Manuf. Co.* 242 Mass. 547. *Calligaris's Case*, 292 Mass. 397. *Murphy* v. *Liberty Mutual Ins. Co.* 294 Mass. 505. . . . The right of the insurer to maintain an action against the negligent third person is conferred by legislative grant and does not depend upon subrogation, *Jordan* v. *Orcutt*, 279 Mass. 413, 415, and the election by the employee to take compensation transfers the cause of action to the insurer. *Miller* v. *Richards*, 305 Mass. 424, 426." *Reidy* v. *Old Colony Gas Co.* 315 Mass. 631, 632–633. In bringing the third party action, the insurer has a clear incentive to establish the liability of the third party so that it may regain all or part of the disbursements made to the plaintiff.

The issue of conflicting interests arises from the plaintiff's claim for double compensation against the insurer under the provisions of G. L. c. 152, § 28. Although the insurer is defending the employer pursuant to its insurance agreement, under § 28 the employer would have to reimburse the insurer for any extra compensation the insurer is obligated to pay to the employee. There is nothing in the record to indicate that the employer would be unable to reimburse the insurer for possible extra compensation. In other words, the insurer stands to suffer no loss from the plaintiff's claim which is grounded upon "the serious and wilful misconduct" of his employer. G. L. c. 152, § 28. The misconduct must be of a "quasi criminal nature." *Burns's Case*, 218 Mass. 8, 10. *Thayer's Case*, 345 Mass. 36, 39. The third party action brought by the insurer is based on the alleged negligence of Atlantic, someone other than the employer. The insurer is defending the double compensation claim before the Industrial Accident Board while the third party action was brought in the Superior Court. The two cases cannot be joined or tried together.

---

[1] However, if the insurer does not bring a third party action within fifteen months of the employee's injuries, the employee may do so in his own name pursuant to G. L. c. 152, § 15.

This case does not involve a situation where one attorney is representing two clients with potentially conflicting interests. See *Maryland Cas. Co.* v. *Jackson,* 230 Mass. 384; see generally, 31 A. L. R. 3d 715. Counsel for the insurer in its third party action is not involved in the claim for double compensation. In the absence of evidence to the contrary we must assume that counsel engaged by the insurer (a) to defend in the claim of the plaintiff for double compensation and (b) to prosecute the third party action will conduct themselves according to acceptable professional standards so as to insure a full and fair judicial examination of the merits of each case, and that they will exercise good faith and due diligence in the discharge of their duties. Moreover, any settlement by the insurer is subject to the approval of the Industrial Accident Board or of the trial judge. G. L. c. 152, § 15.

Upon this record we conclude that there is no conflict of interest demonstrated which would warrant a removal of counsel representing the insurer in the third party action. Therefore the answer to question 1 is in the negative, and no answer is required as to questions 2 and 3.

The case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*