THOMAS L. DALY'S CASE.[1]

Suffolk. February 6, 1989. — May 9, 1989.

Present: WILKINS, LIACOS, ABRAMS, NOLAN, & LYNCH, JJ.

*Workmen's Compensation Act*, Recovery from third person, Reimbursement of insurer, Counsel fees, Costs. *Attorney at Law*, Conflict of interest, Compensation. *Statute*, Retroactive effect.

By virtue of the provisions of G. L. c. 152, § 15, a workers' compensation insurer was a beneficiary of an employee's third-party action seeking damages for his work-related injury, with the result that the insurer had a duty to contribute a proportional part of the legal fees incurred by the employee in securing the third-party recovery. [36-39]

An employee who prevailed on an insurer's appeal from an order of the Department of Industrial Accidents requiring the insurer to pay a proportional share of the employee's legal fees incurred in securing damages from a third party for work-related injuries was entitled to costs and attorney's fees on the appeal, pursuant to G. L. c. 152, § 12A. [40-42]

APPEAL from a decision of the Industrial Accident Reviewing Board.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*James B. Dolan* (*John J. Kuzinevich* with him) for the insurer.

*James N. Esdaile, Jr.* (*Laurence S. Locke* with him) for the employee.

*Camille F. Sarrouf*, for the Massachusetts Academy of Trial Attorneys, amicus curiae, submitted a brief.

ABRAMS, J. The main issue is the correctness of a decision by the Department of Industrial Accidents (DIA) approving the terms of a settlement of a third-party action. See G. L.

---

[1] The Massachusetts Academy of Trial Attorneys filed a brief as amicus curiae in support of Daly's arguments.

c. 152, § 15 (1986 ed.).[2] The injured claimant, Thomas L. Daly, agreed to pay his attorney, Mr. James N. Esdaile, Jr., a contingent legal fee of one-third of any third-party recovery. Travelers Insurance Company (Travelers), which insured Daly's employer, was fully reimbursed out of the third-party settlement for the compensation it paid Daly. The settlement apportioned Esdaile's fee between Daly and Travelers. Travelers appealed the DIA's decision, asserting that it cannot be held liable to pay Esdaile a fee out of its share of the settlement because it has not retained Esdaile to represent it, nor agreed to pay Esdaile a contingency fee; and because Esdaile's representation of both Travelers' and Daly's interests in the third-party action would constitute a conflict of interest in violation of S.J.C. Rule 3:07, Canon 5, DR 5-105, as appearing in 382 Mass. 781 (1981). We transferred the case to this court on our own motion. We must determine if the DIA erred as a matter of law in apportioning Esdaile's fee between Travelers and Daly. See *Attorney Gen.* v. *Department of Pub. Utils.*, 390 Mass. 208, 228-229 (1983). See also G. L. c. 152, § 12 (2); G. L. c. 30A, § 14 (7). We conclude there was no error. We affirm.

Daly was injured July 2, 1983, in the course of his employment when a tractor-trailer he was driving skidded off the highway in Troy, New Hampshire, and fell down an eighty-foot embankment. Travelers eventually paid Daly a total of $92,000 in workers' compensation. Daly meanwhile retained Esdaile to represent him in a third-party action against the highway construction company which allegedly was responsible for the slippery condition of the road on which Daly was injured. That action was filed in the United States District Court for the District of New Hampshire in December, 1983. Esdaile conducted extensive discovery, including approximately twelve depositions.

---

[2] The relevant portion of G. L. c. 152, § 15 (1986 ed.), provides: "The expense of any attorney's fees shall be divided between the insurer and the employee in proportion to the amounts received by them respectively under this section."

In January, 1984, Esdaile wrote to a Joseph Leary at Travelers, stating Esdaile's position that Travelers' "retention of additional counsel [in the third-party action would] be at the expense of Travelers and [would] not alter or amend [Esdaile's firm's] right to [its] one-third fee to be proportionately divided between the insurer and the recipient of the workers' compensation." Leary replied on April 4, 1984, stating that Travelers disagreed with Esdaile's interpretation of G. L. c. 152, § 15, and that it intended to retain its own counsel. Leary's letter continued: "Nor do we feel bound by any fee arrangement which you may have made with the plaintiff, and wish to make it plain that any legal fees payable by the insurer under [G. L. c. 152, §] 15 on this case, will be paid to counsel of our choice and not to your firm, whom we have never retained and with whom we have in fact no agreement whatsoever. While it is in the interest of both the employee and the insurer to cooperate in order to obtain a recovery from the [t]hird-party, circumstances may arise and indeed have with other counsel, especially in a negotiation of a settlement, where there could be a real conflict of interest on the part of your office in representing both parties."

Travelers' attorney, Mr. Peter D. Cole, filed an appearance in the pending third-party action on April 3, 1984, purportedly appearing on behalf of Daly, although he had no agreement with Daly to do so. On April 5, 1984, Esdaile wrote to Cole, reiterating the position he had taken with Leary. Esdaile also noted the weaknesses he perceived in his client's third-party action and expressed his concern that Travelers disputed its liability for its proportionate share of the contingent fee.

In May, 1986, and then again in October, 1986, Esdaile wrote to Cole outlining the settlement negotiations he had had with the third-party defendants and requesting that Travelers consider reducing its claim for reimbursement. Travelers refused to reduce its claim.

On October 7, 1986, Daly signed a release settling the third-party action for $225,000. Cole and Esdaile continued to correspond concerning their disagreement over Travelers' liability for Esdaile's fee. On October 15, 1986, Esdaile advised Cole

that Travelers' "unwillingness . . . to comply with the provisions of [G. L. c. 152, § 15,] constitutes an unfair claims settlement practice under the provisions of [G. L. c. 176D, § 3 (9)], and in particular subsections 3(9)f and 3(9)g. As you know, a violation of the unfair claims practices act constitutes an unfair trade practice under the provisions of [G. L. c.] 93A." Esdaile expressed his intention to bring an action against Travelers if it did not "cease and desist [its] efforts to shift the legal fees incurred directly by the Travelers . . . to . . . Daly" and "to obstruct the third-party settlement now available to . . . Daly." Travelers thereafter agreed to let the settlement proceed, with the amount assertedly due Esdaile out of Travelers' portion (i.e., one-third of $92,000) to be held in escrow pending resolution of that issue.

The DIA approved the third-party settlement in February, 1987. In May, 1987, the DIA ordered that the escrowed sum be paid to Esdaile. The DIA noted that Travelers "[did] not claim to be dissatisfied with the terms of the settlement, nor [did] it contend that its counsel performed any services in the tort action." The DIA concluded that Travelers' obligation to pay Esdaile out of its share of the settlement arose by statute and could not be disavowed unilaterally.

Travelers argues that the language of G. L. c. 152, § 15, does not anticipate cases in which two attorneys are necessary in the third-party action to represent the divergent interests of the employee and the insurer. In such circumstances, Travelers argues, if the insurer were required to pay part of the employee's attorney's fee, the insurer would in effect be forced into an attorney-client relationship with an attorney not of the insurer's choosing, and with an attorney who represents an interest in conflict with the insurer's own. Alternatively, Travelers argues that, if it is liable to Esdaile at all, it cannot be held to the one-third contingency rate agreed to between Daly and Esdaile, in as much as Travelers was not a party to that agreement.

General Laws c. 152, § 15 (1986 ed.), mandates reimbursement of an insurer out of a third-party recovery. We have said it would be unfair to permit the employee to recover twice for the same injury. *Hunter* v. *Midwest Coast Transp., Inc.*, 400

Mass. 779, 783 (1987), citing *Richard* v. *Arsenault*, 349 Mass. 521, 524 (1965). In *Hunter*, we also said that there is no "unfairness to an insurer in a system that reimburses the insurer for benefits paid . . . but requires it to pay the legal freight for the benefits it realizes." *Hunter* v. *Midwest Coast Transp., Inc., supra* at 785.[3] In *Hunter*, the insurer was required to pay one-third of each future claim for compensation as it arose until the entire excess was exhausted. These payments would represent the insurer's share of the plaintiff's attorney's fee "for that part of a third-party recovery which ultimately redound[ed] to the benefit of the insurer." *Id.* Although the instant case concerns the insurer's liability for the plaintiff's attorney's fee on a settlement that reimburses the insurer for payments already made, the reasoning of *Hunter* is determinative.

We reject Travelers' argument that Daly "forced" it to enter an attorney-client relationship with Esdaile. Esdaile represents Daly only. Travelers is a beneficiary of the third-party action by virtue of the provisions of G. L. c. 152, § 15. Further, Travelers had the opportunity to be heard before the DIA on the merits of the settlement, and to raise any other objections it might have. Where, as here, the third-party recovery is equal to or greater than the insurer's claim, the insurer is benefited. Cf. *Burke* v. *Atlantic Research Corp.*, 358 Mass. 764, 767 (1971).[4]

---

[3] The settlement disbursement approved by the DIA showed Daly and Travelers each paying Esdaile one-third of the share attributable to each. As a matter of bookkeeping, the same result is reached if Daly pays Esdaile one-third of the gross settlement amount and Travelers remits one-third of its share to Daly. The latter formulation has the advantage of showing that the burden of attorney's fees falls primarily on Daly. See *Hunter, supra* at 783-784 (assumes that attorney's fee remains same, based on gross third-party recovery, regardless whether insurer required to contribute to fee). Thus, contrary to Travelers' assertion, its refusal to remit part of its share of the settlement does have the effect of shifting the burden either to Daly or Esdaile. Further, its remittance of a portion of its share in the settlement either to Daly or to Esdaile does not constitute a violation of DR 5-107 (A) (1) (prohibiting an attorney from accepting compensation from anyone other than the client, except with the client's consent). The entire fee is from the employee, pursuant to his or her agreement with the attorney.

[4] Contrary to Travelers' assertion, there was no conflict of interest for

Travelers argues as a matter of policy that the employee's attorney should only be able to collect a fee based on the amount realized for the employee, that is, after the insurer's portion is deducted. Travelers also argues that the employee's attorney should receive a lower fee on a quantum meruit basis on the insurer's portion. Travelers argues that, if an insurer must pay the employee's attorney the full contingency fee rate on its portion of the third-party recovery, the attorney's incentive to negotiate a reduced claim for reimbursement is undermined. Travelers concludes that such an interpretation of the statute thus is contrary to the employee's best interest, which is "paramount" under the statute.[5] We do not agree.

"In the absence of evidence to the contrary we must assume that counsel . . . will conduct themselves according to acceptable professional standards . . . and that they will exercise good faith and due diligence in the discharge of their duties." *Burke* v. *Atlantic Research Corp.*, *supra* at 767. In cases under G. L. c. 152, § 15, limiting the attorney's fee to the excess recovery beyond the amount of the insurer's claim could make it more difficult for employees to find attorneys to represent them where the third-party recovery is likely to be modest because of the amount of the insurer's claim.

Travelers concedes that under G. L. c. 152, § 15, Daly had the right to control the litigation. Travelers asserts that part of the legislative purpose behind the statute is to ensure that the insurer does not get free legal advice. Travelers argues that because it was not permitted to participate in the litigation and in fact repeatedly disclaimed "free legal advice" (in the form of Esdaile's services), it should not be held liable to pay him a fee. Travelers is, of course, free to retain its own attorney to protect its perceived interests. Travelers' attorney made no

Esdaile in seeking to reduce Travelers' claim; it was completely consistent with his vigorous representation of his only client, Daly. As for Travelers, it may reject any effort to reduce its claim and, in fact, did so. The insurer's interest therefore is not in conflict with the employee's.

[5] The record does not support Travelers' assumption. Esdaile, in fact, did attempt to negotiate a reduced claim. As noted earlier, Travelers declined to reduce its claim.

contribution to the prosecution of the case and conferred no benefit either on the employee or on the employee's attorney, however. There is, therefore, no reason to shift the cost of Travelers' attorney either to the employee or to the employee's attorney. Under G. L. c. 152, § 15, Travelers' duty to contribute to the cost of the third-party litigation, from which it benefits, does not depend on whether it hires its own attorney.

The provision in G. L. c. 152, § 15, for repayment of compensation is entwined with the provision for apportionment of attorney's fees. Travelers cannot have the benefit of the former without sharing the burden of the latter. "Massachusetts law requires the insurer . . . to pay its share of attorney's fees and cost[s] . . . ." *Hunter* v. *Midwest Coast Transp., Inc.*, *supra* at 780-781.

A majority of courts in other jurisdictions with similar workers' compensation statutes have reached the same result that the DIA reached. See, e.g., *Murray* v. *Lincolnshire Group, Ltd.*, 167 Ill. App. 3d 978 (1988); *Griffin* v. *Dillinger*, 117 Ill. App. 3d 213 (1983); *Kimpling* v. *Canty*, 13 Ill. App. 3d 919 (1973); *Reno* v. *Maryland Casualty Co.*, 27 Ill. 2d 245 (1963); *Anderson* v. *National Carriers, Inc.*, 240 Kan. 101 (1986); *Potter* v. *Vector*, 355 Mich. 328 (1959); *Courtney* v. *Babel*, 293 Minn. 328 (1972); *Teller* v. *Major Sales, Inc.*, 64 N.J. 143 (1974); *Travelers Ins. Co.* v. *Lumber Mut. Casualty Ins. Co.*, 20 N.J. Super. 265 (1952); *Kelly* v. *State Ins. Fund*, 60 N.Y.2d 131 (1983); *Wood* v. *Firestone Tire & Rubber Co.*, 123 Misc.2d 812 (N.Y. Super. Ct. 1984); *Greenough* v. *Deblinger*, 84 Misc.2d 463 (N.Y. Super. Ct. 1975); *Reese* v. *Workmen's Compensation Appeal Bd.*, 95 Pa. Commw. 325 (1986); *Long* v. *Marino Masse, Inc.*, 205 Pa. Super. 344 (1965). See generally Annot., 74 A.L.R.3d 854, 880 § 7 (1976 & Supp. 1987). Even in the absence of a statute apportioning costs between the employee and the insurer, other courts have required the insurer to contribute to the cost of the third-party litigation. See *Moody* v. *Arabie*, 498 So.2d 1081 (La. 1986); *Quinn* v. *State*, 15 Cal.3d 162 (1975). Generally, courts reaching the opposite result reflect differences in the individual State's statutory scheme. See Annot., 74 A.L.R.3d 854, 875, § 5.

*Costs of the appeal.*[6] Daly claims attorney's fees and costs of this appeal, pursuant to G. L. c. 152, § 12A (as amended through St. 1985, c. 572, § 27).[7] Travelers argues that § 12A cannot apply to the instant case because it is "substantive" within the meaning of G. L. c. 152, § 2A, and hence can only apply to cases in which the injury occurred on or after the effective date of the act. Travelers also argues that the Legislature could not have intended to award attorney's fees to an attorney seeking his own fee, where the employee-client has no real interest in the outcome of the appeal.

General Laws c. 152, § 2A, defines as "substantive," and hence prospective, those amendments to G. L. c. 152 which "increase[ ] the amount . . . of compensation payable to an injured employee . . . ." Those amendments to G. L. c. 152 which are not "substantive" within the meaning of § 2A are "deemed to be procedural or remedial only, in character, and shall have application to personal injuries irrespective of the date of their occurrence . . . ." G. L. c. 152, § 2A. Nothing in the act that amended § 12A specified whether it was to be considered "substantive" or "procedural or remedial." See St. 1985, c. 572, §§ 27, 65, and 66.

The provision in § 12A for award of counsel fees to the employee who prevails on appeal does not increase the compensation payable to the employee. The provision is thus procedural and not substantive. We stated in another context that the word "compensation . . . was intended . . . to comprehend all proceedings available under the statute to obtain monetary

---

[6] Daly sought costs of this appeal in his brief. Travelers filed a reply brief addressed to that issue. Daly filed a motion to strike Travelers' reply brief. Travelers filed an opposition to that motion and a motion for leave to file a reply brief. We deny Daly's motion and decide the issue.

[7] The first sentence of G. L. c. 152, § 12A, states: "If on appeal to the appeals court or the supreme judicial court pursuant to section twelve the claimant prevails, the court shall allow the claimant, in addition to the award in the judgment, an amount equal to the reasonable cost of his attorney's fees, briefs and other necessary expenses that result from the appeal." The instant appeal is pursuant to G. L. c. 152, § 12 (2). Daly makes no claim that Travelers' appeal is frivolous. See G. L. c. 152, § 14.

awards *for an injury* to an employee" (emphasis added). *Thayer's Case*, 345 Mass. 36, 43 (1962) (word "compensation" in G. L. c. 152, § 41, applies to claim for double compensation under § 28). Attorney's fees, in contrast, are "ordinary costs . . . incidental to the procedural machinery established for the ascertainment of the amount due to an injured employee." *Ahmed's Case*, 278 Mass. 180, 185-186 (1932).[8] As a "procedural or remedial" provision, St. 1985, c. 572, § 27, would apply irrespective of the date of injury. See *Murphy's Case*, 352 Mass. 233, 234-235 (1967). Cf. *Beausoleil's Case*, 321 Mass. 344, 346-347 (1947).

The provision awarding attorney's fees is "an incentive to vindicate . . . protected rights." *Stratos* v. *Department of Pub. Welfare*, 387 Mass. 312, 317 (1982) (remanding for award of costs and fees under 42 U.S.C. § 1988). "One aim of the work[ers'] compensation act is that there be speedy ascertainment and payment of the amount due to an injured employee. . . . [A provision for fees and costs] enlarges to a comparatively small extent the beneficent design of the work[ers'] compensation act . . . . So far as the imposition of these costs may tend to discourage improvident claims for review by insurers, it promotes that design." *Ahmed's Case, supra* at 187. See *Stratos* v. *Department of Pub. Welfare, supra* at 325 ("[T]ime spent in establishing and defending a fee . . . should be included in the final calculation of the award. Exclusion of such services would dilute the value of the award, and so frustrate the purpose of the act authorizing fees"). We note that the 1985 amendment to § 12A broadens the section's formerly restrictive terms. See *Rival's Case*, 383 Mass. 172 (1981) (under former § 12A, attorney's fees denied to employee who was awarded compensation only after prosecuting appeal). Because the entire fee, in fact, is from the employee, Travelers' assertion that Daly himself has no interest in the outcome of this appeal is not

[8] *Ahmed's Case* was decided before the enactment of G. L. c. 152, § 2A, in 1946. See St. 1946, c. 386, § 3. Applying common law principles, we decided that St. 1930, c. 208 (amending G. L. c. 152, § 10), which awarded attorney's fees and costs in certain circumstances, "relate[d] solely to costs and procedure . . . ." *Ahmed's Case, supra* at 189.

supported by the record. See note 3, *supra*. See also *Torres v. Attorney Gen.*, 391 Mass. 1, 14-16 (1984) (under G. L. c. 214, § 3B, court may award attorney's fees even when plaintiff has no obligation to pay legal services organization).

We therefore hold that G. L. c. 152, § 12A, applies and that Daly has "prevailed" within the meaning of that section. The statute provides that the court "shall allow" fees and costs of the appeal when the employee prevails. "Commonly [the] word ['shall'] in a statute imports a mandatory direction and not a precatory suggestion." *Ahmed's Case*, *supra* at 185. Costs for attorney's fees, briefs, and necessary expenses for this appeal shall be determined by the single justice. The decision of the DIA is affirmed.

*So ordered.*