Houston, J.
The plaintiff, Keith Ryan, seeks a declaratory judgment pursuant to G.L.c. 231 A, to declare the meaning of the words “reasonable and necessary charges” as used in G.L.c. 111, §70A.
Additionally, plaintiff seeks a declaration that “where the work and skill of an injured party’s attorney results in a judgment or settlement whereby money is available for payment of all or part of a hospital’s lien under G.L.c. 111, §70A, said attorney is entitled to fair compensation for said work and skill, to be deducted from the amount payable to discharge said lien, under a theory of implied contract, quantum meruit, or both.”
Defendant Somerville Hospital moves pursuant to Mass.R.Civ.P. 12(b)(6) for dismissal of plaintiffs amended complaint on the grounds that it fails to state a claim upon which relief can be granted. Because the complaint does not state an actual controversy, defendant’s motion to dismiss is ALLOWED.
BACKGROUND
On October 10, 1991, plaintiff was injured in an automobile accident in Somerville. Plaintiff received treatment at the defendant Somerville Hospital from October 11, 1991 to July 29, 1992; defendant charged plaintiff $12,914.18 for services rendered. On or about November 4, 1991, defendant Somerville Hospital sent plaintiffs attorney a “Notice of Lien” pursuant to G.L.c. Ill, §§70 through 70D for “account 8226125 and all upcoming accounts.” Plaintiff was able to settle his claim with Travelers Insurance Company for $15,000, the policy limit on the vehicle which struck the vehicle which plaintiff was riding. Although Metropolitan Insurance, the insurer of the vehicle in which plaintiff was riding, paid a portion of the medical bills, plaintiff still has an outstanding balance of $8,189.18. Plaintiff has attempted to settle the defendant’s lien for an amount less than that owing; defendant has refused to accept an amount less than the unpaid balance.
DISCUSSION
A declaratory judgment permits the parties to obtain a court determination of rights without necessarily seeking any other relief. A declaratory judgment also requires an actual controversy which is specifically set forth in the pleadings. The purpose of the “actual controversy” requirement of G.L.c. 231A is to ensure that litigants file complaints for declaratory judgment to obtain relief only from “uncertainly and insecurity with respect to rights, duties, status and other legal relations.” Mass. Assoc. of Indep. Ins. Agents and Brokers. Inc. v. Comm’r of Ins., 373 Mass. 290, 292 (1977).
Massachusetts courts have defined the “actual controversy” requirement of G.L.c. 231A as follows:
a real dispute caused by the assertion by one party of a legal relation, status or right in which he has a definite interest, and the denial of such assertion by another party also having a definite interest in the subject matter, where the circumstances attending the dispute plainly indicate that unless the matter is adjusted such antagonistic claims will almost immediately and inevitably lead to litigation.
(Emphasis added.) Bunker Hill Distributing Inc. v. District Attorney for the Suffolk District, 376 Mass. 142, 144 (1978), quoting School Comm. of Cambridge v. Superintendent of Schools of Cambridge, 320 Mass. 516, 518 (1946).
Although Massachusetts courts construe the “actual controversy” requirement liberally, an abstract claim will not support a request for declaratory judgment. Quincy City Hospital v. Rate Setting Comm'n, 406 Mass. 431, 439 (1990). Similarly, questions of statutory interpretation, by themselves, do not rise to the level of actual controversy. Woods Hole, Martha’s Vineyard & Nantucket S.S. Auth. v. Martha's Vineyard Comm’n, 380 Mass. 785, 792 (1980); Dept. of Community Affairs v. Massachusetts State College Bldg. Auth., 378 Mass. 418, 422 (1979). A court action cannot concern hypothetical controversies, but rather must involve an issue which when decided will have an “immediate impact” on the litigants. Mass. Assoc. of Indep. Ins. Agents and Brokers, supra at 292.
A court can decline to enter a declaratory judgment “where such judgment or decree, if rendered or entered, would not terminate the uncertainly or controversy giving rise to the proceedings or for other sufficient reasons. The reasons for such refusal shall be stated in the record.” G.L. 231A §3 (emphasis added). See also City of Everett v. Local 1656, Int'l Assoc. of Firefighters, 411 Mass. 361, 369 (1991) (court may decline to grant declaratory relief if persuaded that it will not serve a useful purpose). In such event, a motion to dismiss under Mass.R.Civ.P. 12(b)(6) is proper. Id. at 369, n. 9.
In the instant case, plaintiff contends that a controversy exists concerning the definition of the term “reasonable and necessary charges” pursuant to G.L.c. 111, §70A. Plaintiff suggests that this court declare that the words “reasonable and necessary charges,” as used in G.L.c. 111, §70A, mean “charges which are reasonably related to the cost of the service and which are not in excess of the reasonable and customary charges for the particular service in the community”; that the words “do not include any charges allocable to free care services and bad debt *136 costs”; and that the words “must be read in the context of an injured person’s total financial recoveiy for said injury.” Additionally, plaintiff seeks a declaration that “where an insurance settlement for the motor vehicle policy limit is neither allocated nor earmarked in whole or in part to payment of any outstanding medical bills, considerations of equity and fairness govern the amount which a hospital is entitled to receive in discharge of its lien under G.L.c. 111, §70A.” Plaintiff provides no basis for such an interpretation.
Massachusetts General Law c. 111, §70A, provides in relevant part that certain licensed hospitals “who have furnished medical or other services to any person injured in an accident not covered by the workmen’s compensation act shall have a lien for the reasonable and necessary charges of such hospital. . . upon the net amount payable to such injured person, . . . from another person as damages on account of such injuries.” Section 70A also provides that such charges cannot exceed “the amount which would be charged in a ward of such hospital . . .”; this is the only limitation placed by the Legislature.
“The general and familiar rule is that a statute must be interpreted according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated.” Dept. of Community Affairs, supra at 427, quoting Hanlon v. Rollins, 286 Mass. 444, 447 (1934). ‘The scope of the authority of this court to interpret and apply statutes is limited by its constitutional role as a judicial, rather than a legislative, body.” Dept. of Community Affairs, supra at 427, quoting Rosenbloom v. Kokofsky, 373 Mass. 778, 780 (1977).
The plaintiff requests that this court give meaning to the words “reasonable and necessary charges”; this goes beyond the scope of authority of this court. The language of G.L.c. 111, §70A is clear and unambiguous. This court cannot ignore the plain language of the statute. G.L.c. 111, §70A provides that the defendant Somerville Hospital, who furnished medical services to the plaintiff, may “have a lien for the reasonable and necessary charges of such hospital, not exceeding, however, the amount which would be charged in a ward of such hospital...” The plaintiff has not raised an actual controversy by claiming an uncertainly over the meaning of Section 70A. Dept. of Community Affairs, supra at 422. This court is persuaded that giving the additional meaning to Section 70A which the plaintiff proposes and which was not contemplated by the Legislature, would not serve a useful purpose. City of Everett, supra at 369. Regardless of the meaning attributed to “reasonable and necessary,” plaintiff would nevertheless be liable to the defendant for the services provided, and the defendant would be allowed to have a lien on sums collected or to be collected.
Similarly, with regard to attorneys fees, plaintiff has not stated an actual controversy. The attorney may have a contractual relationship with the plaintiff; however, plaintiff has not established facts indicating that such a relationship exists between plaintiffs attorney and the defendant Somerville Hospital. This court cannot concern itself with hypothetical controversies. Mass. Assoc. of Indep. Ins. Agents and Brokers, supra at 292. Plaintiffs attorney has not provided the defendant with a service for which he should be compensated, nor is there an agreement for compensation between the parties. The court accordingly finds that a declaration of rights would serve no useful purpose since there is no uncertainty with respect to plaintiffs rights or defendant’s duties, nor is there a question as to the parties’ legal relationship. Mass. Assoc. of Indep. Ins. Agents and Brokers, Inc. v. Commr. of Ins., 373 Mass. 290, 292 (1977).
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant’s motion to dismiss is ALLOWED. Judgment shall enter for the defendant Somerville Hospital dismissing the complaint.