Furnari, J.
This is an action by the City of Malden (“the City”) to recover an $8,773.70 balance in reimbursement for G.L.c. 41, §111F compensation paid to the defendant which was allegedly owed to the City following the defendant’s settlement of his claim against a third-party tortfeasor. The defendant contended that the amount in question constituted the City’s proportionate share of attorney’s fees incurred by the defendant in the settlement of his tort claim, and was thus properly deducted from his G.L.c. 41, §111F reimbursement to the City. Judgment was entered for the defendant, and the City filed this appeal pursuant to Dist./ Mun. Cts. R. A. D. A., Rule 8C.
The record discloses that the defendant is a Malden police officer who was injured in the line of duty on January 24, 1989. Due to his resulting incapacitation, the defendant was placed on the disabled list and received G.L.c. 41, §111F benefits from the City which ultimately totaled $26,321.11 for lost wages and medical expenses.[1]
In February, 1989, the defendant retained legal counsel on the basis of a one-third contingency fee agreement. In March, 1989, defendant’s counsel received a letter from the City Solicitor which requested the execution by both the defendant and his counsel of an attached “Agreement.” The proposed Agreement provided that in consideration for the City Solicitor’s not filing suit on behalf of the defendant or the City against any third-party, the defendant and his counsel agreed to withhold from any settlement of their case, and to pay to the City, an amount equal to the total lost wage and medical expense compensation paid to the defendant. Defendant’s counsel amended the Agreement by inserting the phrase “[ajccording to the terms and conditions set forth in Mass. General Laws c. 41, §111F.” Both he and the defendant then signed the amended version and returned it to the City.
The defendant’s claim against the third-party tortfeasor was settled in 1992 for $250,000.00. The defendant forwarded a check to the City in the amount of $17,547.41, which represented the $26,321.11 total compensation paid by the City, less one-third ($8,773.70) for the City’s share of attorney’s fees. By letter of June 4, 1992, the City acknowledged receipt of the check, quoted G.L.c. 41, *150 §111F language as to the division of legal expenses,[2] and requested a statement from defendant’s counsel as to his calculation of attorney’s fees. Less than three weeks later, however, the City sent a second letter which advised defendant’s counsel that he was not entitled to any attorney’s fees, and demanded payment of the $8,773.70 deducted by the defendant for the same.
The City filed suit in October, 1992. The case was eventually submitted to the trial court in February, 1995 upon the parties’ written stipulation that the “sole issue in question [was] whether the City should contribute to the costs and legal fees of the defendant... and what the amount of the contribution [was], if any.” The trial court entered judgment for the defendant, ruling in part:
[SJection 111F provides: The expense of any attorney’s fees shall be divided between the city... and the person so injured in proportion to the amounts received by them respectively.’ There is no case law interpreting the attorney’s fee provision of s. 111F. It is well established, however, that section 111F should be interpreted in accordance with cognate provisions of G.L.c. 152, the Workmen’s Compensation Act, where the language is similar. [Citations omitted]. The identical provisions of G.L.c. 152, s. 15 have been construed on identical facts and the arguments raised here by the City were dealt with.” Daly’s Case, 405 Mass. 33 (1989).
1. The City’s election to proceed by way of a Dist./Mun. Cts. R. A D. A, Rule 8C “Appeal on the Record of Proceedings” requires a preliminary procedural comment.
The three alternative “methods of appeal” set forth in Dist./Mun. Cts. R. A D. A, Rules 8A 8B and 8C envision and provide for three different forms of trial court record and related procedure. The proper choice of one of these three methods entails more than counsel’s mere personal preference, and should be based on the nature of the appellate issues presented and the form and extent of the evidence introduced in the trial court. The instant case presents a single, discrete question of law formulated by the parties which was decided by the trial court upon the parties’ brief, written stipulation and supporting memoranda. In such a case, where
the issues of law for appellate review are both limited in number and capable of precise and narrow definition, and where trial evidence is largely documentary or can be adequately and appropriately summarized without the need for a transcript,
Scalia v. Liberty Mutual Ins. Co., 1995 Mass. App. Div. 69, 70, the proper method of appeal to this Division is a Rule 8A Expedited Appeal. There is no justification in such a case for choosing in the first instance the more complex procedures and longer filing periods of Rule 8C which are necessary under that method of appeal for obtaining the trial court tape, designating the record, preparing a transcript and compiling an appendix.
Although there was no need for a transcript of evidence or appendix in this case, the *151 City elected to proceed under Rule 8C, relying on that portion of Rule 8C which states that “[n]o transcript or statement of the evidence shall be required for appeal under this rule where the issue or issues presented is raised solely by the pleadings.” Rule 8C(a) is not, however, an invitation to select the Rule 8C Appeal on the Record of Proceedings method in a case more appropriately brought to this Division under Rule 8A The provision in question is instead intended to cover only those cases in which an appellant is compelled to proceed under Rule 8C because his initial Rule 8A Expedited Appeal was terminated upon objection of the trial judge or opposing party.
The result of the City’s inappropriate selection of the Rule 8C method has been a needless delay in the perfecting of this appeal. In the appropriate case, an unjustified utilization of Rule 8C(a) or any other action which was intended to cause delay may well be found to have fallen short of constituting a good faith compliance with the Rules governing Appellate Division procedure and to require Dist./ Mun. Cts. R. A. D. A., Rule 25 consideration.
2. Contrary to the City’s initial contention, it has been clear since 1975 that in the absence of direct G.L.c. 42, §111F precedent, the construction of §111F should be guided by case law interpreting analogous provisions of the Workmen’s Compensation Act, G.L.c. 152, §1 et. seq. Wormstead v. Town Manager of Saugus, 366 Mass. 659, 663-664 n.5 (1975).[3] See also Wincek v. West Springfield, 399 Mass. 700, 703-704 (1987); DiGloria v. Chief of Police of Methuen, 8 Mass. App. Ct. 506, 512 (1979). Compare Eyssi v. Lawrence, 416 Mass. 194, 199-200 (1993). Section 15 of G.L.c. 152, which governs the division between a workmen’s compensation insurer and an injured employee of attorney’s fees incurred in the recovery of damages from a third-party tortfeasor, is identical to the attorney’s fees provision of G.L.c. 41, §111F. In 1989, the Supreme Judicial Court interpreted G.L.c. 152, §15 in Daly’s Case, supra, as requiring an insurer to pay its proportional share of the legal expenses resulting from the employee’s settlement of his tort claim based on the employee’s contingent fee agreement with his attorney. There was thus no error in the trial court’s ruling that Daly’s Case is dispositive of the issue raised and of the City’s principal arguments in this matter.
3. We decline, therefore, to address at length those arguments raised by the City herein which are identical to those advanced by the insurer and expressly rejected by the Court in Daly’s Case. Considered briefly, the fact that the City neither approved, nor was a party to, the defendant’s contingent fee agreement with his attorney did not, as the City contends, excuse the City from paying its percentage share of legal fees based on such agreement. There is no “unfairness to [the City] in a system that reimburses [the City] for benefit paid... but requires it to pay the legal freight for the benefits it realizes.” Id. at 37, quoting from Hunter v. Midwest Coast Transp., Inc., 400 Mass. 779, 785 (1987). Second, the City was not effectively forced into an attorney-client relationship with defendant’s counsel by virtue of the contingent fee agreement. Defendant’s counsel represented the defendant only; the City was a statutory beneficiary of the defendant’s third-party proceeding against the tortfeasor, and was required, as such, to have in the legal expenses incurred by the defendant in reaching that settlement of his third-party claim *152 which redounded to the City’s financial benefit Daly’s Case, supra at 37. See also Pinto v. Aberthaw Construc. Co., 418 Mass. 494, 499 (1994).
Finally, the City has made no compelling argument that the defendant’s attorney will receive an unjust windfall at die City’s expense if the attorney’s fee is not based either on a percentage of the settlement amount remaining after a full deduction of the City’s §111F reimbursement, or on a quantum meruit basis. Rejecting a similar argument by the insurer in Daly’s Case, the Court stated that “limiting the attorney’s fee to the excess recovery beyond the amount of the insurer’s claim could make it more difficult for employees to find attorneys to represent them where the third-party recovery is likely to be modest because of the amount of the insurer’s claim.” Id. at 38. Moreover, the City enjoyed the same statutory right as that of the defendant to proceed against the third-party tortfeasor, and could have eliminated the cost of private counsel fees had it elected to do so. Having contributed nothing to the defendant’s effort to secure a recovery from the tortfeasor, the City cannot now claim its share of the benefits of such recovery while shifting the full burden of attendant expenses to the defendant. Id. at 37.
4. The City’s remaining arguments may be treated summarily. Contrary to the City’s contention, there was no “Agreement” between the parties for the defendant’s waiver of the City’s share of legal fees to which the defendant was statutorily entitled. The “Agreement” for such waiver, forwarded to defendant’s counsel in March, 1989, merely constituted an offer by the City to the defendant to agree to such waiver. The insertion by defendant’s counsel of G.L.c. 41, §111F language significantly varied the terms of the proposed Agreement, and thus did not constitute, a valid acceptance of the City’s offer so as to create a binding contract, Tierney v. T. Wellington Carpets, Inc., 8 Mass. App. Ct. 237, 240 (1979); Peretz v. Watson, 3 Mass. App. Ct. 727, 728 (1975).
There is also no merit in the City’s final argument that the attorney’s fee provision of §111F is inapplicable herein because the defendant settled its claim against the third-party tortfeasor without ever commencing suit The logical effect of the City’s argument would not be relief for the City from its proportionate share of the attorney’s fees in question, but a complete denial of any right of the City to any reimbursement from the defendant’s settlement proceeds. The statutory provision “for repayment of compensation is entwined with the provision for apportionment of attorney’s fees. [The City] cannot have the benefit of the former without sharing the burden of the latter.” Daly’s Case, supra at 39. Were we to accept the City’s own contention, we would be compelled to order the City’s return of the $17,547.41 reimbursement previously paid by the defendant by ordering judgment for the defendant in that amount.
The statute cannot, however, be reasonably construed in the manner suggested by the City. While §111F does provide for a proceeding in a “court of competent jurisdiction” and an “action” by the City or injured police officer, the statute is also phrased in terms of “damages” and “payment for the injury.” Such language connotes any payment due from a tortfeasor in compensation for injuries sustained. See generally, Meyers v. Bay State Health Care, Inc., 414 Mass. 727, 731 (1993); Wincek v. West Springfield, supra at 702-703. In view of such language, and the intent and purpose of the statute, the attorney’s fees provision of §111F must obviously be interpreted as applying to any payment from a tortfeasor, whether received in consequence of a settlement negotiated before suit is commenced or of a judgment for damages entered after trial.
Accordingly, the court’s judgment for the defendant is affirmed. Appeal dismissed.
So ordered.

Section 111F states, in relevant part: “Whenever a police officer... of a city... is incapacitated for duty because of injury sustained in the performance of his duty without fault of his own ... he shall be granted leave without loss of pay for the period of such incapacity ... All amounts payable under this section shall be ... deemed to be the regular compensation of such police officer... ”

The statute provides: ‘Where the injury causing the incapacity of a ... police officer... was caused under circumstances creating a legal liability in some person to pay damages in respect thereof, either the person so injured or the city... paying such compensation may proceed to enforce the liability of such person in any court of competent jurisdiction. The sum recovered shall be for the benefit of the city... paying such compensation, unless the sum is greater than the compensation paid to the person so injured, in which event the excess shall be retained by or paid to the person so injured ... The expenses of any attorney’s fees shall be divided between the city...and the person so injured in proportion to the amounts received by them respectively [emphasis supplied].”

“[T]here is no reason to continue to regard our cases construing the Workmen’s Compensation Act as inapposite in which recovery is sought under G.L.c. 41, §111F. We have recently noted that the original Workmen’s Compensation Act, St. 1911, c. 751 did not provide coverage for any governmental employees ... And while a series of amendments has since extended coverage to most governmental employees, the two groups which have never been brought under this umbrella are members of a police or fire force... By providing for [§111F] leave without loss of pay for a police officer or fire fighter who is incapacitated because of injury sustained in the performance of his duty, the Legislature has, in essence, filled a gap in the Workmen’s Compensation Act .’’Id.