Donovan, J.
This case is before this court on Plaintiffs Motion to Determine Lien. Plaintiffs, Donna D. Pierce and Charles J. Pierce, initiated suit against the Defendants, Christmas Tree Shops, Inc. (CTS) and The Hanover Insurance, for injuries to Mrs. Pierce arising out of an accident occurring at a CTS store in Pembroke. Harvard Pilgrim Health Plan (HPHP) provided coverage for Mrs. Pierce’s injuries and perfected a lien for the amount expended. Mrs. Pierce .presently requests that this court compromise the amount of the lien and order HPHP to pay a proportional share of their attorneys fees and costs incurred in their underlying tort action.
BACKGROUND
On August 19, 1995 Donna Pierce was injured while on the premises of one of CTS’s shops in Pembroke. Mrs. Pierce received treatment for her injuries at South Shore Hospital. HPHP provided coverage and paid her expenses. On May 28, 1997 HPHP perfected a lien pursuant to G.L.c. Ill, §70B in the amount of $10,165.79.
On September 27, 1996 the Pierces initiated suit against CTS. On September 2, 1997, they amended their complaint to add The Hanover Insurance Company.[3] On December 15, 1997 the Pierces settled their claims through mediation. Counsel for the Pierces then requested that HPHP compromise its lien and accept less than full value in satisfaction of its claim. HPHP responded that it would not accept less than full value of the lien and that it would not pay a proportional amount of the Mrs. Pierce’s attorneys fees and costs incurred in the underlying tort action. Mrs. Pierce presently requests four determinations from this court:
(1) Whether or not the lien holder has to pay the plaintiffs attorney one third of any monies recovered on its behalf for attorney fees. (The same contingency fee percentage that the plaintiff paid on her recovery.)
(2) Whether or not the lien holder has to pay its applicable percentage of costs incurred in the prosecution of the case.
(3) Whether or not the lien holder has to pay the plaintiff an amount based upon Quantum Meruit for attorneys fees because of the value of the legal services that went into recovery of HPHP’s lien.
*258 (4) Should the court hold an evidentiary hearing requiring the lien holder to prove both the amount and reasonableness of its lien, the manner in which the “benefits” provided the plaintiff were valued, and whether the claimed “benefits” are the equivalent of the “reasonable and necessary charges” for the medical care provided to the plaintiff.
For the reasons that follow, the court finds that it lacks statutory authority to compromise HPHP’s lien but that HPHP has an obligation to compensate plaintiffs’ attorney for fees associated in the underlying tort action.
DISCUSSION
G.L.c. 111, §70A-70D provides the statutory framework by which a health maintenance organization may perfect a lien for the amount of coverage extended to an accident victim not covered by the workmen’s compensation act. Section 70A explains that the amount of the lien shall be “for the reasonable and necessary charges of [the] hospital, not exceeding, however, the amount which would be charged in a ward of such hospital.” Nowhere in this section, or any other section of chapter 111, did the legislature imbue the courts with the authority to force an HMO to accept anything less than the full value of a properly perfected lien. Mrs. Pierce asks the court to read into the statute a provision, like that found in the worker’s compensation laws, that allows the court to compromise the lien. Construing the statute as Mrs. Pierce requests would give the court an equitable power that the legislature did not intend. If the legislature wanted to extend this power to the court, it would have so provided in the statute. See Ryan v. Somerville Hosp., Civ. A. No. 93-0370, 2 Mass. L. Rptr. 134 (Middlesex Super. Ct. April 29, 1994) (Houston, J.) (rejecting similar argument under §70A). Accordingly, the court must conclude that HPHP is entitled to the full value of its lien.
In addition to requesting that the court compromise HPHP’s lien, Mrs. Pierce asks this court to order HPHP to pay a proportional share of attorneys fees and costs incurred in the Pierce’s underlying litigation. This request raises an interesting equitable dilemma. The subrogation clause in Pierce’s contract allows HPHP to assert its own action against parties who may be liable to the insured if the insured elects not to proceed to suit.[4] Therefore, if the insured seeks recovery from a third party, the HMO can simply await judgment and then assert its subrogation rights. If, however, the insured declines to seek recovery, the HMO, under its insurance contract, can initiate action against the tortfeasor. Under the first course of action the insurer could recover its amount expended without incurring attorneys fees while under the latter it would have to pay the fees.
HPHP argues that an attorney representing the insured does not provide it with a service for which he should be compensated. The essence of this argument is that the HMO and the attorney never actually entered into an agreement and that the HMO is nothing more than a third-party beneficiary to the contract between the insured and the attorney. This contention elevates form over substance.
If the HMO retained its own attorney to assert the same claims that the insured presented, clearly it would have to pay the attorney. Under the present facts, the insured’s attorney has provided the veiy same service. See Daley’s Case, 405 Mass. 33, 39 (1989) (insurer cannot enjoy benefit of repayment without burden of attorneys fees). Because of its perfected lien, HPHP has a right to the first $10,165.79 that Pierce recovers. The insured’s attorney provided HPHP with the valuable service of recovering the funds HPHP expended on Pierce’s coverage. The court can detect no inequity in requiring the insurer to pay for this service. See id. at 37.
Adopting HPHP’s view would require the insured to decide, prior to initiating action, if her recovery will exceed the amount of her attorneys fees and the HMO lien. Forcing the insured to make this decision could cause an accident victim with legitimate claims to forgo action and remain uncompensated for her injuries. Accordingly, the court is compelled to invoke its broad equitable powers and order HPHP to pay the standard one-third contingency fee associated with actions of this kind and agreed to by the insured. Id. (favorably noting that other courts require insurer to contribute to cost of third-party action in absence of apportionment statute); see also Pinto v. Aberthaw Constr. Co., 418 Mass. 494, 502 (1994) (apportionment of fees between insurer and insured’s attorney within trial judge’s discretion).
ORDER
It is therefore DECLARED, ORDERED, and ADJUDGED that HPHP is entitled to recovery in the full amount of its lien and that HPHP shall compensate Plaintiffs’ counsel for one-third of its recovery.

 Hanover filed a Motion to Sever and Stay which was allowed on October 20, 1997 (Donovan, J.).

 The policy provides in relevant part:
To enforce its subrogation rights under this Agreement HCHP-NE will have the right to take legal action, with or without the Member’s consent, against any party to secure recovery of the value of services provided or paid for by HCHP-NE for which such party is, or may be, liable.