RELIANCE INSURANCE COMPANY *vs.* GEORGE R. ROBERTSON.

Norfolk.   April 11, 1979. — June 13, 1979.

Present: GRANT, PERRETTA, & KASS, JJ.

*Insurance*, Protection against uninsured motorists. *State Police.*

A State trooper who was entitled under G. L. c. 22, § 7A, to reimbursement by the Commonwealth for medical bills and lost wages only if his injuries were sustained through no fault of his own did not receive compensation under a workmen's compensation or disability benefits law or similar law for purposes of an exclusion provision in the uninsured.motorist coverage of a policy of automobile insurance. [737-738]

An exclusion in an uninsured motorist coverage clause of a policy of automobile insurance as to any payment which would inure directly or indirectly to certain third parties did not operate to exclude payment to a State trooper who had been compensated by the Commonwealth for medical bills and lost wages where the trooper was required to reimburse the Commonwealth only for sums recovered from "the party causing the accident or . . . [his] representatives." [738-739]

CIVIL ACTION commenced in the Superior Court on November 29, 1976.

The case was heard by *St. Cyr*, J., a District Court judge sitting under statutory authority.

*Barry H. Gerstein* for the defendant.

*Philip I. Tirrell* for the plaintiff.

KASS, J. While on duty and driving a State-owned car, Robertson, a State trooper, was in an accident with another car, which was uninsured. Robertson was hurt and the Commonwealth, in accordance with a contract governing the reciprocal rights and obligations of the Commonwealth and State policemen, paid his medical bills and lost wages. These were not covered by any speci-

fic accident and health payment plan provided by the Commonwealth.

Reliance Insurance Company (Reliance), the plaintiff in this declaratory judgment action, was the insurer of Robertson's private automobile. The insurance policy contained, as required by statute (G. L. c. 175, § 113L), uninsured motorist coverage, the so called Coverage U. Acting under the uninsured motorist provisions of his insurance contract, Robertson filed a claim for bodily injury with Reliance.

Reliance says it is not liable because Coverage U contains an exclusion as to any payment which would "inure directly or indirectly to the benefit of any workmen's compensation or disability benefits carrier or any person or organization qualifying as a self-insurer under any workmen's compensation or disability benefits law or any similar law."[1] This language appears in subparagraph (3) of the exclusions section of Coverage U. A State policeman, Reliance calls to attention, must under Rule 21.5 of the Rules and Regulations of the Massachusetts State police (uniformed branch) reimburse the Commonwealth for money it has paid to him on account of injury to the extent the police officer can recover his costs from "the party causing the accident."[2] As a consequence, Reliance says, the Commonwealth will benefit from what Robertson collects under his policy and the exclusion, therefore, governs.

---

[1] This language adheres to that which appears in a national standard form. Widiss, A Guide to Uninsured Motorist Coverage § 2.67, at 124 (1969).

[2] The parties have agreed in their briefs as to the text of this regulation and we shall use it in this opinion. *Commonwealth* v. *Mini Cost Car Rental, Inc.*, 354 Mass. 746, 747 (1968). Such regulations, if not readily accessible as a State publication, *Perini Corp.* v. *Building Inspector of No. Andover, ante* 72, 78 n.10 (1979), should be proved, or be the subject of stipulation, like any other fact. *Baxter* v. *Commonwealth*, 359 Mass. 175, 177 n.1 (1971).

Reliance sought a declaratory judgment concerning its obligations under its contract, and the trial judge entered judgment declaring effectively that the exclusions provision in Coverage U absolved the insurer from liability under the policy. We reverse.

On the two relatively recent occasions when the Supreme Judicial Court has considered G. L. c. 175, § 113L, and uninsured motorist coverage clauses, the controversy turned on whether the contractual provisions were within the authority of § 113L. *Aetna Cas. & Sur. Co.* v. *Poirier*, 371 Mass. 257, 260-262 (1976). *Royal Indem. Co.* v. *Blakely*, 371 Mass. 86 (1977). In this case the parties are prepared to stand on the language of their contract as expressed in the insurance policy. That contractual language, which appears in subparagraph (3) of the exclusions section of Coverage U, is specific as to precisely what sources of primary compensation to the insured will cause the exclusion to operate. These are: (a) any workmen's compensation carrier; (b) any disability benefits carrier; and (c) any person or organization qualifying as a self-insurer under any workmen's compensation or disability benefits law or any similar law. Under G. L. c. 152, § 69, members of the State police are expressly excluded from workmen's compensation coverage. Nor was Robertson's source of compensation for his bills and wages, the Commonwealth, a disability benefits carrier. That leaves the question whether the Commonwealth fits into the third category of "a self-insurer under any workmen's compensation or disability benefits law or any similar law." We think not.

Although the Commissioner of Public Safety is authorized by law to reimburse a State policeman for medical bills (G. L. c. 22, § 7A), that power is limited to payment on account of "injuries sustained through no fault" of the State trooper. Similarly a State trooper is not eligible for the disability benefits provided by G. L. c. 32, §§ 26 (2) and 68, unless his disability occurred "through no fault of his own" or "without contributory negligence on his part." In

this regard the compensation arrangements of the Commonwealth depart strikingly from a fundamental characteristic of a workmen's compensation system: that the employee is paid for the expenses of injury, lost wages and disability irrespective of fault. See *Ahmed's Case*, 278 Mass. 180 (1932), in which the court said at 183: "In place of common law or statutory remedy for personal injury suffered by an employee based upon negligence, a system is established whereby compensation is paid for all injuries . . . without regard to the fault or freedom from fault of the employer" or "negligence of the employee or assumption of risk by him. . . ."

We are of the opinion, therefore, that Robertson has not received compensation under workmen's compensation or disability benefits law or similar law. The phrase "similar law" refers to plans for the compensation of injured workers, without regard to fault, such as the Federal Employers' Liability Act, 45 U.S.C. §§ 51 et seq. (1976), or the Long-Shoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901 et seq. (1976).

Nor would any amounts which Robertson recovers under his policy be payable to the Commonwealth. Under the applicable provisions of the Rules and Regulations of the Massachusetts State police (uniformed branch), rule 21.5, an officer is required to reimburse the Commonwealth from all sums recovered from "the party causing the accident or their [*sic*] representatives." Robertson's own insurer is obviously not "the party causing the accident," nor does it stand in the shoes of that party. Reliance's obligation to Robertson is contractual, and the Commonwealth (even if it were an insurer under a workmen's compensation system) has no third-party beneficiary rights in the contractual rights which Robertson bought and paid for. *Commissioners of the State Ins. Fund* v. *Miller*, 4 App. Div. 2d 481, 482-483 (N.Y. 1957). *Horne* v. *Superior Life Ins. Co.*, 203 Va. 282, 285 (1962). 12 Couch, Insurance § 45:650 (2d ed. 1964). Widiss, A Guide to Uninsured Motorist Coverage § 2.67 (1978 Supp.). The possibil-

ity of overlapping sources for accident and injury is not uncommon. To the extent that Robertson gains some duplicate recovery between what he has collected from the Commonwealth and what he may collect from his insurer, it is sufficient to observe that he has paid premiums for the right to do so.

The judgment is reversed, and a new judgment is to enter declaring that the defendant Robertson may recover for his bodily injury under Coverage U.

*So ordered.*