EDWARD T. WINCEK *vs*. TOWN OF WEST SPRINGFIELD.

Hampden. February 4, 1987. — April 21, 1987.

Present: WILKINS, LIACOS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Municipal Corporations*. Police. *Police,* Injury on duty. *Insurance,* Motor vehicle insurance, Underinsured motorist. *Contract,* Parties. *Words,* "Damages."

General Laws c. 41, § 111F, gave a town no right of subrogation against insurance proceeds paid to one of its police officers pursuant to the underinsured vehicle coverage provision of insurance policies purchased by the police officer, who had been injured while on duty, through no fault of his own, by an underinsured motorist. [702-704]

CIVIL ACTION commenced in the Superior Court Department on January 17, 1986.

The case was heard by *Raymond R. Cross,* J., on a motion for summary judgment.

The Supreme Judicial Court granted a request for direct appellate review.

*James T. Donahue* for the defendant.

*Anthony T. Rice (Richard F. Faille* with him) for the plaintiff.

NOLAN, J. This is an action for declaratory relief to determine whether G. L. c. 41, § 111F,[1] gives a town a right of subrogation

---

[1] General Laws c. 41, § 111F (1984 ed.), provides in pertinent part: "Whenever a police officer . . . of a . . . town . . . is incapacitated for duty because of injury sustained in the performance of his duty without fault of his own . . . he shall be granted leave without loss of pay for the period of such incapacity . . . . All amounts payable under this section shall be paid at the same times and in the same manner as, and for all purposes shall be deemed to be, the regular compensation of such police officer . . . .

"Where the injury causing the incapacity of a . . . police officer for which he is granted a leave without loss of pay and is paid compensation

against proceeds to be paid to a police officer (plaintiff) pursuant to the underinsured motor vehicle coverage (G. L. c. 175, § 113L[2]) provision of insurance policies purchased by the plaintiff, who had been injured while on duty, through no fault of his own, by an underinsured motorist. General Laws c. 41, § 111F, mandates that a town be reimbursed for any amounts paid under § 111F to the extent that the legal liability of a third party who has paid damages has yielded additional relief to the injured police officer. The principal issue presented by this appeal is whether the obligation of the plaintiff's own insurance company to make payments under the underinsured motorist provision constitutes a "legal liability" to pay "damages."

The facts are undisputed. On April 16, 1985, the plaintiff was driving a motorcycle in the performance of his duties as a West Springfield police officer. Through no fault of his own, the plaintiff was struck and injured by an automobile driven by Marie Thompson. His injuries prevented him from returning to active duty until May 5, 1986. The town, in accordance with G. L. c. 41, § 111F, paid his regular salary and medical bills.

The plaintiff commenced a civil action against Thompson which was settled with the consent of the town and the plain-

---

in accordance with the provisions of this section, *was caused under circumstances creating a legal liability in some person to pay damages in respect thereof,* either the person so injured or the . . . town . . . may proceed to enforce the liability of such person in any court of competent jurisdiction. The sum recovered shall be for the benefit of the . . . town . . . paying such compensation, unless the sum is greater than the compensation paid to the person so injured, in which event the excess shall be retained by or paid to the person so injured." (Emphasis supplied.)

[2] General Laws c. 175, § 113L (1) (1984 ed.), provides: "No policy shall be issued or delivered in the commonwealth with respect to a motor vehicle . . . registered in this state unless such policy provides coverage in amounts or limits prescribed for bodily injury or death for a liability policy under this chapter, under provisions approved by the insurance commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles . . . ." Under G. L. c. 175, § 113L (2), uninsured motorists include those who are underinsured.

tiff's own insurance company. The plaintiff received $10,000 from Thompson's insurer, the liability limit under Thompson's policy. Pursuant to the statute, the town received as reimbursement, $6,598.40, the net proceeds after the deduction of attorneys' fees and costs.

Prior to the accident, the plaintiff had purchased privately three motor vehicle insurance policies from United States Fidelity and Guaranty Company (USF&G). These policies, which were in force when the accident occurred, obligated USF&G to pay the plaintiff benefits for bodily injury caused by an underinsured motorist (Coverage U). The company is willing to pay these benefits to the plaintiff. The town, however, claims that it is entitled to the proceeds of these policies to the extent that it has or will pay compensation to the plaintiff as required by G. L. c. 41, § 111F.

The plaintiff initiated this action seeking a declaration that the statute does not obligate him to turn over to the town the proceeds from these policies. The plaintiff filed a motion for summary judgment. The judge ruled in favor of the plaintiff, and the town appealed. Because this case is one of first impression in Massachusetts, we granted the town's application for direct appellate review. We affirm.

The town claims that the phrase "legal liability" indicates that the Legislature intended to sweep broadly and to include within the statute's boundaries any individual or corporation who has a legal obligation to make payments to an injured officer. We do not accept this argument because it ignores the word "damages" which clearly serves to qualify the liability of the third party. "Damages is the word which expresses in dollars and cents the injury sustained by a plaintiff." *Berube* v. *Selectmen of Edgartown,* 336 Mass. 634, 639 (1958), quoting *Turcotte* v. *DeWitt,* 333 Mass. 389, 392 (1955). The Restatement (Second) of Torts § 12A (1965), defines "damages" as "a sum of money awarded to a person injured by the tort of another." Thus, we think it clear that the Legislature used "damages" to denote the money payable by a tortfeasor who is liable for injuries caused by his tortious act. The statute only subrogates the town to the employee's rights against the

tortfeasor to the extent of the compensation the officer receives from the tortfeasor. "A payment made in performance of a contractual obligation is not a payment of 'damages.'" *State Farm Mut. Ins. Co.* v. *Fireman's Fund Am. Ins. Co.,* 550 S.W.2d 554, 557 (Ky. 1977).

The facts in this case are somewhat similar to those presented to the Supreme Court of Minnesota in *Janzen* v. *Land O'Lakes, Inc.,* 278 N.W.2d 67 (Minn. 1979), where an employee was fatally injured while driving his own automobile in the course of his employment. His wife received money as workmen's compensation. The decedent had private uninsured motorist coverage, and his insurer paid his wife a sum of money under that coverage. The employer sought subrogation as an offset against the compensation which the company had paid. The disputed statutory language centered on the phrase "circumstances which created a legal liability for damages." The court held that the presence of "damages" in the statute referred to tort liability and did "not include contract liability based on uninsured motorist coverage." *Id.* at 69.

Moreover, the town is not a third-party beneficiary under the contract. The town claims that it qualifies for this status because it has incurred and will continue to incur "damages" as a result of the accident. This argument is not tenable. First, the town's payments of the plaintiff's salary and medical bills are not "damages." Instead, they are more properly characterized as expenses. *Berube, supra* at 639-640. Second, it is illusory for the town to maintain that it is an intended beneficiary of the contractual payments promised by USF&G to the plaintiff if he were involved in an accident with an underinsured motorist. The town has not established that the contracting parties intended the town to be a beneficiary of their contract. See *Flattery* v. *Gregory,* 397 Mass. 143, 148-149 (1986). Indeed, the policy between the plaintiff and USF&G expressly provides that no part of the proceeds obtained under Coverage U will "benefit any insurer or self-insurer under a workers' compensation law or *any similar law*" (emphasis supplied). General Laws c. 41, § 111F, is such a "similar

law." [3] The town "has no third-party beneficiary rights in the contractual rights which [the plaintiff] bought and paid for." *Reliance Ins. Co.* v. *Robertson,* 7 Mass. App. Ct. 735, 738 (1979).

Therefore, the plaintiff's motion for summary judgment was properly allowed.

*Judgment affirmed.*

---

[3] General Laws c. 152, §§ 1-86, is the Massachusetts Workmen's Compensation Act. Under G. L. c. 152, § 69, police officers are expressly excluded from the Act's coverage. Hence, the need for G. L. c. 41, § 111F. Section 111F is not a "pure" workmen's compensation law, because, unlike G. L. c. 152, § 2, a police officer is not entitled to benefits merely because he was injured in the course of his employment: the officer must be injured through no fault of his own. This additional requirement is not sufficient to render the two laws dissimilar for the purposes of the policy language.