J. F. WHITE CONTRACTING COMPANY & another[1] *vs.* MASSACHUSETTS BAY TRANSPORTATION AUTHORITY. No. 95-P-1267. June 24, 1996. *Contract,* Construction contract, Construction of contract.

J. F. White Contracting Company and the joint venture of J. F. White Contracting Company and Dependable Masonry Construction Company, Inc. (collectively White), brought an action in the Superior Court against the Massachusetts Bay Transportation Authority (MBTA). The action arose out of four construction contracts between White and the MBTA. In its action, White sought to be reimbursed for its overhead incurred during

---

[1]The joint venture of J. F. White Contracting Company and Dependable Masonry Construction Company, Inc.

the administration of certain "allowance items." The MBTA filed a motion for summary judgment on the ground that the four contracts specifically and unambiguously prohibited White from recovering such reimbursement. A Superior Court judge granted the motion, and judgment was entered in favor of the MBTA.

The material facts are not in dispute. The MBTA solicited bids for construction work on four projects. Part of the bid solicitation package for each project included estimated allowance item costs prepared by the MBTA. These allowance items consisted of costs for railroad flagmen, police details, and similar expenses related to railroad and traffic control. Each bidder was required to carry in its bid the allowance items at the price set by the MBTA. All four contracts clearly and unequivocally stated that although White would be reimbursed for allowance items actually incurred over the amount estimated by the MBTA, White would not be reimbursed for any overhead associated with administering the allowance item costs.

Here, White incurred costs for allowance items which were roughly six times the estimates provided by the MBTA in its bid documents. The MBTA reimbursed White for all of the costs that White paid relating to the allowance items. White claimed that it was entitled to reimbursement for its overhead costs associated with the allowance items, because it did not expect that the actual costs White incurred for the allowance items would so greatly exceed the estimates furnished by the MBTA. The MBTA, however, relying on the language contained in the contract, refused to pay White for its overhead costs associated with administering the allowance item costs. White's action against the MBTA followed, and subsequently, summary judgment was granted in favor of the MBTA.

On appeal, White claims that the granting of summary judgment was error because (1) the estimates by the MBTA of the allowance item costs were intended to be relied upon by the contractor; (2) the estimates constituted an implied warranty that they were "approximately" correct; (3) White was entitled to equitable relief under the doctrine of fraud at law or mutual mistake; and (4) the decision violated sound contract principles. We affirm the granting of summary judgment.

All of the contracts contained clear and unambiguous language that the contractor would not be entitled to reimbursement for overhead associated with the administration of allowance item costs. "It is . . . elementary that an unambiguous agreement must be enforced according to its terms." *Schwanbeck* v. *Federal-Mogul Corp.*, 412 Mass. 703, 706 (1992).

White's argument that the estimates provided by the MBTA of allowance item costs were intended to be relied upon by the contractor is without merit. The clear terms of the contracts provided that the actual costs incurred by the contractor for the allowance items could exceed the estimates furnished by the MBTA for such work, and that the contractor would be reimbursed for all valid allowance item costs, even those beyond the MBTA's estimates. Therefore, the contracts' terms precluded any reliance by White on the furnished estimates. Further, such language also eliminated any possibility of an implied warranty that they were even approximately correct. See *D. Federico Co.* v. *Commonwealth*, 11 Mass. App. Ct. 248, 252 (1981). Compare *Richardson Elec. Co.* v. *Peter Francese &*

*Son, Inc.,* 21 Mass. App. Ct. 47, 51-52 (1985) (failure in specification to warn subcontractor of need to dig 11,000-foot trench across rocky terrain to accommodate a cable entitled subcontractor to additional reimbursement).

There is nothing in the record before the motion judge that supports White's claim that it was entitled to equitable relief under the doctrines of fraud or mutual mistake. Further, any equitable relief is entirely inappropriate in this matter because the contracts unambiguously prohibit the contractor from recovering overhead costs associated with administration of allowance items.

Contrary to White's argument, sound contract principles dictated the results here. The language, we repeat, was clear and unambiguous. White entered into the contracts "without compulsion and of [its] own choice." *Crimmins & Pierce Co.* v. *Kidder Peabody Acceptance Corp.,* 282 Mass. 367, 378 (1933). We recognize that White had to pay a considerable amount of money in overhead in administering allowance item costs. But, when the language in a contract is as unambiguous as it was in the contracts under scrutiny here, enforcement of such contracts "will not be denied because of hardship to one of the parties." *Hiller* v. *Submarine Signal Co.,* 325 Mass. 546, 550 (1950).

*Judgment affirmed.*

*Robert D. City* for the plaintiffs.
*Richard F. McCarthy* for the defendant.