Tierney, C. J.
This appeal raises the issue of whether Personal Injury Protection benefits under an automobile insurance policy should have been awarded to an insured plaintiff who had received benefits from his employer that reimbursed him for medical expenses and lost wages during his disability pursuant to G.L.c. 41, §§100 and 11 IE In this action, the defendant-appellant/cross-appellee, Safety Insurance Company (hereinafter Safety), is aggrieved by the trial court’s ruling that required it to pay Personal Injury Protection (“PIP”) benefits to the plaintiff, claiming that the plaintiff was not entitled to receive such benefits because he did not sustain a loss or incur any expense as a result of the accident. The plaintiff-appellee/cross-appellant, Richard Cox (hereinafter Cox), alleges that the motion judge erred in not finding G.L.c. 93A violations when Safety denied payment of his PIP benefits. We find no error with the court’s allowance for the plaintiff to recover PIP benefits because, although the plaintiff did receive benefits under c. 41, said benefits did not constitute workers’ compensation benefits and thus, did not affect his entitlement to receive PIP benefits. Nor do we find, from the undisputed material facts, any inference to support a c. 93A claim.
The Facts
The relevant facts for appellate review are as follows: Cox was employed by the City of Boston as a police officer. On February 17, 1994, Cox was on-duty and seated in a police cmiser owned by the City of Boston when it was struck from behind by another motor vehicle. As a result of the collision, Cox was injured and received medical treatment. His injuries prevented him from performing his duties as a police officer and he *212 was unable to return to work until March 14,1994.[3] At the time of the accident, Cox was insured by a Massachusetts personal automobile insurance policy issued by Safety.[4] Cox applied for medical and wage loss benefits under the PIP provision of his automobile insurance policy. Safety denied his claim on the theory that the benefits Cox received from his employer were actually workers’ compensation benefits and thus, precluded him from recovering PIP benefits.[5]
In November of 1994, Cox commenced an action against Safety in the Boston Municipal Court to recover PIP benefits under his personal automobile insurance policy. The complaint contained counts for breach of contract and violation of c. 93A.[6] Safety denied both counts and, on February 24, 1995, moved for summary judgment on the grounds that Cox did not suffer any actual loss and that his claim was excluded by both G.L.c. 90, §34A[7] and the language of the insurance policy. Cox filed a cross-motion for summary judgment on March 27, 1995. Shortly thereafter, the motion judge granted Cox partial summary judgment as to liability on his PIP claim and denied Safety’s motion for summary judgment.[8]
The court’s Findings and Orders on the Parties’ Cross-Motions for Summary Judgment dated July 28,1995 stated,'in relevant part, that:
[Sjafety claims that the wages the plaintiff received from the City of Boston are actually workers compensation benefits and, therefore, the plaintiff is expressly excluded from receiving PIP benefits by the PIP statute. G.L.c. 90, §34A. Case law is clear, however, that the worker’s compensation statutes and the PIP statute must be read closely and they also must be read in conjunction with the specific policy language of the insurance contract. See Wincek v. Town of West Springfield, 399 Mass. 700 (1987).
Additionally, in 1979 the Appeals Court expressly found that wage continuation programs such as the one here are not ‘compensation under workmen’s compensation or disability benefits law or and other similar law.’ Reliance Ins. Co. v. Robertson, 7 Mass. App. Ct. 735, 738 (1979). The reasoning behind this conclusion is that workmen’s compensation and other similar laws ‘refers to plans for the compensation of injured workers without fault.’ Id. The wage *213 continuation statute under which the plaintiff received payment mandates that the injuries for which payment is made must be incurred through no fault of the injured officer. G.L.c. 41, §11 IF.
After a thorough review ... I determine that summary judgment is appropriate for the plaintiff on his PIP claim. As to the plaintiff’s count for violation of G.L.c. 93A, I do not find, from the undisputed material facts, any inferences that can be drawn to support such a claim ... Where an insurance company has promptly responded to a claim of its insured, even if the claim is denied, an unfair practice claim under G.L.c. 93A and G.L.c. 176D is not appropriate.
Upon Safety’s Motion for Reconsideration of the Denial of its Motion for Summary Judgment, the court reaffirmed its allowance of Cox’s claim for PIP benefits as to “liability only” and, to conform with its earlier decision, the court allowed Safety’s motion for summary judgment on the c. 93A claim. The court’s Order of November 1, 1995 stated, in pertinent part, as follows:
[Sjafety is correct that, pursuant to Wincek v. Town of West Springfield, 399 Mass, 700 (1987), the statutory wage continuation under which Mr. Cox was reimbursed by the City of Boston program is a law similar to workmen’s compensation. However, the court’s analysis does not stop here. The court is also required to look to the language of the policy in question. Here, Mr. Cox’s policy states that Safety will not pay PIP benefits to or for ‘anyone who is entitled to workers’ compensation benefits for the same injury.’ Compare this to the language of the policy in Wincek in which benefits were denied to an insurer or self-insurer under ‘a workers’ compensation law or any similar law.’ Mr. Cox’s policy contract, insofar as it outlines payable PIP benefits, does not contain the catchall clause ‘or any similar law.’ The absence of the clause is significant, especially since the language of the Cox policy does contain the catchall phrase in a later section ...
The case proceeded to trial on January 31, 1994 for the limited purpose of assessing Cox’s damages pursuant to the PIP provisions of the automobile insurance policy. The trial judge assessed total damages in the amount $6,980. Safety filed an appeal on July 1, 1996 and Cox filed a cross-appeal two weeks later.[9]
Discussion
Although the instant case requires us to analyze and interpret the relationship among three separate statutes, the Massachusetts workers’ compensation act, the statute governing the provision of benefits to injured police officers, and the PIP statute, in conjunction with the contractual language of an automobile insurance policy, the question central to this appellate review is quite simple: Were the G.L.c. 41, §§100 and 11 IF benefits that Cox received from the City of Boston workers’ compensation benefits? If they were, then Cox is precluded from recovering PIP benefits because of the statutory provision prohibiting such recovery.[10] On the other hand, if the benefits that Cox received did not constitute workers’ compensation, then Cox is entitled to recover PIP benefits from Safety. For the reasons hereafter stated, the benefits paid to Cox by the City of Boston, in his capacity as a police officer injured through no fault of his own, did not constitute workers’ compensation benefits.
*214 A. The Statutes
In order to arrive at the above-referenced conclusion, it is necessary to briefly examine the historical background and legislative intent of the relevant statutes. To begin with, the Massachusetts workers’ compensation act was enacted in 1911 (St. 1911, c. 751) and allows employees, who waive their right to sue in tort, to obtain “compensation for loss of wages or earning capacity caused by a work-related injury, regardless of fault of their employers or the foreseeability of harm.” Eyssi v. City of Lawrence, 416 Mass. 194, 197 (1993), citing Murphy v. Commissioner of the Dep’t of Indus. Accidents, 415 Mass. 218, 222 (1993). The law was enacted as a “humanitarian measure” in response to strong public dissatisfaction with the remedies afforded by traditional tort actions. Id. See generally, G.L.c. 152, §§1-86.
Although the original version of the Massachusetts workers’ compensation act did not encompass government employees, a series of amendments has since extended workers’ compensation to most government employees. However, there are two groups of workers which have never been brought under the umbrella of workers’ compensation: police officers and firefighters. Wormstead v. Town Manager of Saugus, 366 Mass. 659, 664 (1975); Seibolt v. County of Middlesex, 366 Mass. 411, 414 (1974). By its very language, G.L.c. 152, §69 expressly excludes police officers and firefighters from workers’ compensation coverage.[11] The legislature’s intent to bar police officers and firefighters from workers’ compensation eligibility remains in force today. See Eyssi at 198.
Subsequent to the enactment of the Massachusetts workers’ compensation statute, the Massachusetts Legislature in 1952 provided for payment by municipalities of medical and related expenses of a police officer or fire fighter “injured while acting in the performance and within the scope of his duty without fault of his own.” G.L.c. 41, §100. At the same time, the Legislature also provided for leave without loss of pay for police officers and fire fighters injured in the performance of their duties through no fault of their own.[12] See G.L.c. 41, §11 IF. Cox received benefits under these two provisions; he was entitled to compensation for injuries sustained in the performance of his official police duties. As a police officer, Cox was statutorily ineligible to receive workers’ compensation, and was forced to rely on the design of c. 41 for protection from loss of weekly earnings and medical expenses.[13]
G.L.c. 41, §§100 and 11 IF were created in recognition of police officers and firefighters who, by the inherent nature of their occupations, risk injury and death in the performance of their duties. “[I]t is plain that the statute [c. 41] serves the purpose of attracting efficient, competent workers ... it likewise recognizes the obligation of the public to those employees who risk injury and death in the performance of hazardous duties in their daily work.” Berube v. Selectmen of Edgartown, 336 Mass 634, 639 (1958).
By intentionally never amending the Massachusetts workers’ compensation law to encompass police officers and firefighters and by creating c. 41, as a separate and distinct statute from c. 152, the Legislature intended that benefits paid to injured police officers and firefighters are to be something other than workers’ compensation benefits. “[T]he very language of the statute depicts the legislative intent that the statute is not to *215 be construed as workers’ compensation” Berube v. Selectmen of Edgartown, 336 Mass 634 (1958). Here, our function is to interpret and construe, where capable, these statutes and their relationship to one another, so as to constitute a harmonious whole that is consistent with the legislative purpose of each statute. To hold that c. 41 benefits constitute workers’ compensation benefits would be inconsistent with a clear and unambiguous legislative directive and would blindly ignore the exclusivity provision of G.L.c. 152, §69 for the members of police and fire forces.
B. Compensation Restrictions
In addition to the statutory exclusion of police officers from the Massachusetts workers’ compensation law, a comparison of the compensation restrictions of c. 152 and c. 41 reveals farther evidence that c. 41 benefits are different than workers’ compensation benefits. Specifically, workers’ compensation and other similar plans involve the compensation of injured workers without regard to fault. Pursuant to c. 152, an employee is paid benefits for injuries, lost wages and disability, irrespective of fault. However, c. 41 requires that a police officer be engaged in the performance of his public duty and that the injury be sustained through no fault of his own; the injuries for which payment is made under c. 41 must be incurred through no fault of the injured officer. G.L.c. 41, §§100,11 IF. See Reliance v. Robertson, 7 Mass. App. Ct. 735 (1979) (medical and disability benefits paid to an injured state trooper were held not to be similar to workers’ compensation benefits and did not preclude the state trooper from recovering uninsured motorist benefits).
In Wincek v. Town of West Springfield, 399 Mass. 700, (1987) the court examined the dissimilarities between c. 41 benefits and c. 152 benefits in relation to the contractual language provided in a personal insurance policy. The court stated that “[c. 41], §11 IF is not a ‘pure’ workmen’s compensation law, because, unlike G.L.c. 152, §2, a police officer is not entitled to benefits merely because he was injured in the course of his employment: the officer must be injured through no fault of his own ...” Id. at n. 3. However, the policy language provided that “[n]o part of the proceeds obtained... will benefit any insurer or self-insurer under a workers’ compensation law or any similar law.” (emphasis added). Due to the fact that the policy contained the phrase, “workers’ compensation or any similar law,” the court stated that the differences between the statutes was not sufficient to render the two laws dissimilar for the purposes of the policy language. (emphasis supplied). Id. Therefore, policy language plays a integral role in determining whether c. 41 benefits are “pure workers’ compensation benefits” or a “similar law.” Had the insurance policy in Wincek not provided the catchall phrase, “or any similar law”, then, since C. 41 is not a “pure” workers’ compensation law, the court’s decision would have been different. We too must examine the language of Safety’s insurance policy with the understanding that c. 41 is not a “pure” workers’ compensation law.
The Contract
With respect to the exclusionary language of the insurance policy between Cox and Safety, the policy only provided an exclusion for workers’ compensation benefits; it did not provide an exclusion for c. 41 benefits.[14] The policy language failed to provide a catchall phrase such as, “or any similar law” or “any workers’ compensation laws.” As the motion judge stated in her decision, “[t]he statutory wage continuation program under which Mr. Cox was reimbursed by the city of Boston is a law similar to workmen’s compensation. However, the court’s analysis does not stop there. The court is also required to look to the language of the policy in question.”
If it was Safety’s intent to exclude the payment of PIP benefits to claimants who had received c. 41 benefits or benefits that were similar to workers’ compensation benefits, then the contract should have so provided. The language of the insurance contract must be strictly construed because it is what the parties bargained for. “[T]he responsibility of construing the language of an insurance contract is a question of law for the trial judge, *216 and then for the reviewing court.” Harry Tatarian v. Commercial Union Insurance Company, No. 95-P-646 (App. Ct. November 26,1996), citing Cody v. Connecticut Gen. Life Ins. Co., 387 Mass. 142, 146 (1982). “[W]here the language is clear and unambiguous, we construe the words of the policy according to the fair meaning of the language used, as applied to the subject matter.” Johnson v. Hanover Ins. Co., 400 Mass. 259, 266 (1987). Therefore, we are bound to the strict interpretation of the contractual language of Safety’s policy.[15]
Standard of Review
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Mass. R. Civ. R 56. See generally, Cassesso v. Commissioner of Correction, 390 Mass, 419, 422 (1983). The moving party bears the burden of affirmatively demonstrating both the absence of triable issues and its entitlement to a judgment in its favor. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). In reviewing a grant of summary judgment, this Court must decide whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law. Augat Inc. v. Liberty Mutual Ins. Co., 410 Mass. 117, 120 (1991).
We conclude, therefore, on the basis of the undisputed issues of material fact, that the granting of summary judgment was appropriate on the issue of Safety’s liability for PIP benefits.[16] We find no error by the motion judge and affirm the damages assessed by the trial court. Accordingly, we hereby AFFIRM the judgment for the plaintiff. Both appeals are dismissed.

 Pursuant to G.L.c. 41, §100, the City of Boston paid Cox $2,333.14 for medical expenses and under G.L.c. 41, §11 IF, the City of Boston paid Cox $4,574.05 for lost wages during his period of disability.

 Although the City of Boston owned the police cruiser that Cox was seated in at the time of the accident, the City was self-insured and did not provide PIP benefits. Instead, Cox was insured by Safety under a standard personal Massachusetts automobile insurance policy. The policy provided a PIP coverage limit of $8,000.

 The insurance policy under which Safety insured Cox excluded from PIP coverage “anyone who is entitled to workers’ compensation benefits for the same injury.” See App. at 40.

 In count I, Cox alleged that Safety’s denial of his PIP claim constituted a breach of contract in violation of G.L.c. 93A, §9(3). In count II, Cox alleged his entitlement to payment of lost wages and medical expenses under the PIP provisions of the automobile insurance policy issued by Safety.

 G.L.c. 90, §34A provides, in pertinent part, that payment will be made for “[ajll reasonable expenses incurred within two years from the date of the accident for necessary medical... services, and in the case of persons employed ... at the time of an accident of any amount actually lost by reason of inability to work and earn wages or salary or their equivalent...”

 The motion judge granted Cox’s cross-summary judgment motion for “liability only” as to PIP benefits and denied his motion on the c. 93A claim, stating that undisputed material facts did not support such a claim.

 The only issue presented in Cox’s cross-appeal is whether the motion judge erred in dismissing his c. 93A claim.

 G.L.c. 90, §34A bans recovery if the claiming party has not actually incurred any expenses or if the claimant receives benefits through worker’s compensation. The statute defines “personal injury protection” as “provisions of a motor vehicle liability policy or motor vehicle liability bond which provide for payment to the named insured in any such motor vehicle liability policy, unless any of the aforesaid is a person entitled to payments of benefits under the provisions of chapter 152. ” (emphasis added).

 The language of G.L.c. 152, §69 is plain, unambiguous and unequivocal — police officers and firefighters are ineligible to receive workers’ compensation benefits.

 G.L.c. 41, §11 IF, provides that “[w]henever a police officer ... is incapacitated for duty because of injury sustained in the performance of his duty without fault of his own, ... he shall be granted leave without loss of pay for the period of such incapacity ... All amounts payable under this section shall be paid at the same times and in the same manner as, and for all purposes shall be deemed to be, the regular compensation of such police officer... ” (emphasis supplied).

 Cox had a duty to reimburse the City of Boston for the c. 41 benefits it paid to him. When Cox settled his claim against the party responsible for his injuries, he reimbursed the City for the benefits that it had extended to him. See G.L.c. 90, §34A. Therefore, a plaintiff’s judgment in the instant case would not result in a double recovery.

 The policy issued by Safety excluded PIP payment to “anyone who is entitled to workers’ compensation benefits for the same injury.”

 Safety’s reliance on Mailhot v. Travelers Ins. Co., 375 Mass. 342 (1978) is misplaced for two reasons. First, the subject matter in Mailhot was substantially different than the issue before this court. Mailhot involved the federal workers’ compensation statute and the workers’ compensation statutes of foreign states; it did not focus on state level wage continuation programs such as the one we are presented with. As the motion judge stated, Mailhot is “silent” regarding wage continuation programs. Second, the language of the insurance contract in Mailhot was more expansive than in the instant ease; the policy in Mailhot excluded PIP payments for anyone “entitled to payment or benefits under the provisions of any workers’ compensation laws.” (emphasis added). Whereas, Safety’s policy excludes coverage for only “workers’ compensation benefits.”

 After a review of the Rule 56 materials submitted, there exists no evidence that can be drawn to support a c. 93A claim. Safety’s denial of Cox’s claim for PIP benefits was prompt. Furthermore, there was no evidence that Safety’s denial of Cox’s claim was made in bad faith or was unreasonable. See G.L.c. 93A, §9(3) and G.L.c. 176D.