Garsh, J.
This matter is before the court pursuant to the motion of Coastal Oil New England, Inc. (“Coastal”) for reconsideration of this court’s Memorandum of Decision and Order on Cross-Motions for Summary Judgment, limiting Coastal’s aggregate recovery against Citizens Fuels Corporation (“Citizens”), including interest and costs, to the value of assets transferred in violation of the Bulk Transfers Act [9 Mass. L. Rptr. No. 31, 708 (May 31, 1999)]. Coastal argues that G.L.c. 231, §6H entitles it to interest from the date of commencement of this action. Citizens opposes Coastal’s motion to reconsider on the grounds that the Bulk Transfers Act (former G.L.c. 106, §§6-101 et seq.) limits its liability to the value of the assets transferred and that, if G.L.c. 231, §6H is inconsistent, the Bulk Transfers Act controls. For the following reasons, the court allows Coastal’s motion for reconsideration.
BACKGROUND
Coastal brought this action in 1990 seeking payment of outstanding debts incurred by Beaver Coal and Oil Company, Inc. and monetary damages arising out of alleged breaches of the Bulk Transfers Act. In Coastal Oil New England, Inc. v. Citizens Fuel Corp., 38 Mass.App.Ct. 26 (1995), the Appeals Court upheld the trial court’s ruling that the transfer at issue had violated the Bulk Transfers Act, but reversed the ruling that the violation did not give Coastal a cause of action. Id. at 27. In so doing, the Court stated that the amount of Citizens’ liability, as transferee, “cannot, however, exceed the value of the bulk assets transferred.” Id. at 33. The Court did not determine Coastal’s pro rata share because of the possibility that there might be secured creditors with priorities which would reduce the amount available to Coastal. It remanded the action to the Superior Court for a determination of Coastal’s share of the value of the bulk transfer assets.
Following cross-motions for summary judgment, in which there was no dispute that the total value of the bulk sales assets was $176,259.37 and that the total value of Beaver’s debt to Costal was $140,555.99, this court determined that Coastal was entitled to recover the entire amount of the outstanding indebtedness from Beaver because the other creditors had obtained judgments against Citizens directly under the corporate successor doctrine and not against Citizens as transferee under the Bulk Transfers Act. The court ordered judgment to enter in favor of Coastal against Citizens “solely in its capacity as transferee of the bulk transfer property of Beaver, in the amount of $140,552.99, plus interest and costs, with said sum not to exceed $176, 259.37.”
DISCUSSION
At issue is whether Coastal is entitled to an award of interest under G.L.c. 231, §6H, pursuant to the judgment that Citizens is liable to. Coastal under the Bulk Transfers Act in the amount of $140,552.99, even if the interest calculations would bring the total award above $176,259,37. G.L.c. 231, §6H provides, as follows:
In any action in which damages are awarded, but in which interest on said damages is not otherwise provided by law, there shall be added by the clerk of court to the amount of damages interest thereon at the rate provided by Section six B to be determined from the date of commencement of the action even though such interest brings the amount of the verdict or finding beyond the maximum liability imposed by law.[3]
The monetary award secured by Coastal constitutes damages within the meaning of G.L.c. 231, §6H.[4] Interest on said damages is not otherwise provided by law. The rate established by G.L.c. 231, §6B, calculated from the date of commencement of this action, would bring the amount of the verdict beyond the maximum liability recoverable under the Bulk Transfers Act, but the last sentence of Section 6H makes clear that interest is not, thereby, to be denied or limited.
Citizens relies upon the language in Coastal Oil New England, Inc. v. Citizens Fuel Corp., 38 Mass.App.Ct. at 32-33, to the effect that, under the Bulk Transfers Act, the transferee cannot be liable to a creditor for more than the value of the bulk assets transferred. The Appeals Court, however, did not consider the issue of interest. Its opinion does not address the applicability of G.L.c. 231, §6H; the reference to recovery not being able to exceed the value of the bulk assets transferred is in the context of the court holding that there is a remedy against a transferee for the violation of the Bulk Transfers Act’s mandatory notice provision, but that the right to sue the transferee does not thereby make the transferee automatically liable for all the *231 debts of the transferor should those debts exceed the value of the bulk assets transferred.
Citizens’ contention that G.L.c. 231, §6H cannot be permitted to increase its liability under the Bulk Transfers Act is belied by the last phrase in Section 6H which explicitly contemplates that interest awarded under that statute might bring the amount of a verdict “beyond the maximum liability imposed by law.”[5] That clear and unequivocal statutory language demonstrates that the Legislature intended Section 6H to trump any law — statutory or common law — imposing maximum liability. “When a new provision conflicts with a prior statute, the new provision, as the last expression of the Legislature, controls.” Doe v. Attorney General, 425 Mass. 210, 215 (1997).
Moreover, there is nothing in the language of article six that would preclude applying G.L.c. 231, §6H to transferee liability. Indeed, the remedy which gave rise to Coastal’s recovery of damages from the transferee is a remedy that is not explicitly mentioned in Article 6. Coastal Oil New England, Inc. v. Citizens Fuel Corp., 38 Mass.App.Ct. at 32.[6] Furthermore, the Uniform Commercial Code itself, G.L.c. 106, §1-103, mandates that “[u]nless displaced by the particular provisions of this chapter, the principles of law and equity . . shall supplement its provisions.” Nothing in Article 6 displaces G.L.c. 231, §6H.
In sum, the order limiting Coastal’s ability to recover interest and costs violates G.L.c. 231, §6H. Accordingly, the court will amend the judgment it previously ordered to be entered.[7]
ORDER
For the foregoing reasons, it is hereby ORDERED that Coastal’s motion for reconsideration is ALLOWED, and the judgment entered in this action in favor of Coastal is modified to provide: “judgment to enter in favor of Coastal against Citizens solely in its capacity as transferee of the bulk transfer property of Beaver in the amount of $140,552.99, plus interest at the rate provided by Chapter 231, Section 6B to be determined from the date of commencement of the action, and costs.”

 Section 6B of G.L.c. 231 provides that the clerk of court shall add interest to the amount of damages at the rate of “twelve per cent per annum from the date of commencement of the action even though such interest brings the amount of the verdict or finding beyond the maximum liability imposed bylaw."

 “Damages is the word which expresses in dollars and cents the injury sustained by a plaintiff." Wi.ieck v. West Springfield, 399 Mass. 700, 702 (1987). See generally Black’s Law Dictionary 389 (6th ed. 1990).

 In its summary judgment papers, Coastal did not direct the court to the statutory authority it now relies upon as supporting its right to a judgment that, with interest, would exceed the value of the bulk assets transferred.

 Citizens’ reliance upon cases from jurisdictions which have decided that the injured creditor’s sole remedy is an in rem action against the bulk property, e.g., Bill Voorhees Co. v. R & S Camper Sales, 605 F.2d 888, 890-93 (5th Cir. 1979), is misplaced. The Appeals Court explicitly declined to follow the minority position that rejects imposition of liability on the transferee. Coastal Oil New England, Inc. v. Citizens Fuels Corp., 38 Mass.App.Ct. at 32, n. 7. None of the other cases cited by Citizens discuss the significance of a statute such as G.L. 231, §6H upon transferee liability.

 Because the court has concluded that Coastal is entitled to interest and costs even if Citizens’ liability will thereby exceed the value of the bulk assets transferred, it is not necessary to consider Coastal’s alternative contention that the limitation in the earlier judgment thwarted the purposes behind an Agreement and Stipulation, dated December 4, 1991, among the parties pursuant to which the parties agreed to dismiss the subsequent purchasers of the bulk transfer assets and Citizens agreed to pay to Coastal the amount of any final judgment which could not be satisfied by Citizens from its own assets.