Connolly, J.
Plaintiff, Northeastern University (“Northeastern”), seeks a declaratory judgment that Defendant, Stuart Deutsch (“Deutsch”), indemnify Northeastern for monies paid to settle a third-party claim against Northeastern. Deutsch filed a counterclaim alleging fraud in the inducement (Count I) and breach of contract (Count II). This matter is now before the court on the parties’ cross motions for summary judgment. For the reasons set forth below, Deutsch’s motion for summary judgment is DENIED and Northeastern’s motion for summary judgment is ALLOWED.
BACKGROUND
Deutsch is a former engineering professor at Northeastern. On July 1, 1996, Deutsch and Northeastern signed a Settlement Agreement and Mutual Release (“the Agreement”) to resolve two lawsuits Deutsch had brought against Northeastern. The Agreement contained a broad indemnity clause stating that Northeastern reserved all rights
of indemnification and contribution from [Deutsch], including the right to recover from [Deutsch] the amount of all damages, judgments or orders entered against [Northeastern] with regard to an3r third party claims arising in whole or in part out of any actions or omissions by [Deutsch], together with costs, interest and attorneys fees assessed in favor of such third party against [Northeastern]. . .
On November 21, 1995, Deutsch’s former student, Monir Al-Dhamen (“the student”), filed a claim against Northeastern with the Department of Education Office for Civil Rights (“OCR”) alleging discrimination on the basis of national origin.[1] Specifically, the student alleged that Deutsch had subjected him to “different treatment” and that Northeastern did not adequately respond to the student's discrimination complaint filed through Northeastern’s internal grievance procedure. On October 21, 1996, Northeastern invited Deutsch to participate in settlement discussions with the student and OCR which Deutsch refused. Northeastern settled with the student for $15,000 and filed the present action seeking reimbursement from Deutsch.
Deutsch now contends that Northeastern failed to inform him of the pending OCR claim when he signed the Agreement and therefore, he is not liable. Furthermore, Deutsch claims that Northeastern told him that it did not have knowledge of any pending or potential third-party claims.
DISCUSSION
Massachusetts Rule of Civil Procedure 56(c) grants summary judgment to a moving party if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). “The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). If the party moving for summary judgment does not bear the burden of proof at trial, he can demonstrate the absence of a triable issue by submitting affirmative evidence negating an essential element of the nonmoving party’s case, or by showing that the nonmoving party is unlikely to submit proof of that element at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 705, 716 (1990). The court should deny a motion for summary judgment when the non-moving party presents evidence of genuine issues of fact entitling him to a trial. Community Nat’l Bank v. Dawes, 369 Mass. 550, 556 (1976).
I. The Agreement
Deutsch argues that the word “damages" contained in the Agreement’s indemniiy clause does not apply to the settlement between Northeastern and the student *424 and, therefore, he should not be required to reimburse Northeastern. The parties do not dispute that the Agreement is an unambiguous, written agreement. See Daley v. J.F. White Contracting Co., 347 Mass. 285, 288 (1964) (internal citation omitted) (“The construction of an unambiguous written contract is a ‘pure question of law’ ”). Moreover. “[i]t is . . . elementary that an unambiguous agreement must be enforced according to its terms.” J.F. White Contracting Co. v. MBTA, 40 Mass.App.Ct. 937, 938 (1996). Accordingly, the Agreement's construction should be resolved by the court. See id. The court will limit its review to the document itself, rejecting parol evidence “to vary the unambiguous terms of the contract." Vakil v. Anaesthesiology Associates of Taunton, Inc., 51 Mass.App.Ct. 114, 119(2001).
As part of the written contract, the Agreement’s indemnity clause will be construed by the court. See Herson v. New Boston Garden Corp., 40 Mass.App.Ct. 778, 782 (1996) (holding that courts interpret indemnity provisions same as written contracts). To construe the indemnity clause, the court fairly and reasonably ascertains the parties’ intent and purpose. Providence & Worcester R.R., 416 Mass. 319, 324 (1993). “Indemnification provisions are to be read without any bias for the indemnitor or against the indemnitee.” Herson, 40 Mass.App.Ct. at 782. The court focuses solely on the clause’s language, background and purpose. Id.
According to the Agreement, Deutsch agreed to reimburse Northeastern for “the amount of all damages, judgments or orders entered against [Northeastern] with regard to any third-party claims arising in whole or in part out of any actions or omissions by [Deutsch].” The Agreement’s language is consistent with the general purpose of indemnification which “allows someone who is without fault, compelled by operation of law to defend himself against the wrongful act of another, to recover from the wrongdoer the entire amount of his loss, including reasonable attorneys fees." Elias v. Unisys Corp., 410 Mass. 479, 482 (1991). Thus, indemnity will allow Northeastern to be reimbursed for Deutsch’s discriminatory actions. See id. (indemnity allows the blameless party to be reimbursed for damages caused by employee’s wrongful act). Furthermore, “[djamages is the word which expresses in dollars and cents the injury sustained by a plaintiff.” Wincek v. West Springfield, 399 Mass. 700, 702 (1987), quoting Turcotte v. DeWitt, 333 Mass. 389, 392 (1955). See e.g., Hazen Paper Co. v. United States Fidelity & Guaranty Co., 407 Mass. 689, 700 (1990) (pollution clean up costs mandated by Department of Environmental Protection are damages within insurance policy); Wincek, 399 Mass. at 703 (payment made in performance of contractual obligation is not damages); Berube v. Selectman of Edgartown, 336 Mass. 634, 639 (1958) (“expenses are usually included in an award as an element of damage in the ordinary contract or tort action”).
In the present dispute, the parties intended the indemnity clause to cover the settlement with the student. The indemnity provision’s purpose was to reimburse Northeastern for “damages, judgments or orders” from third-party claims caused by Deutsch's acts or omissions. The indemnitee retains discretion to defend or to settle claims by considering “the likelihood of success or failure, the cost, uncertainty, delay and inconvenience of trial as compared with advantages of settlement." Trustees of the New York, New Haven and Hartford R.R. Co. v. Tileston & Hollingsworth Co., 345 Mass. 727, 732 (1963), citing New York Cent. & Hudson River R.R. v. T. Stuart & Son Co., 260 Mass. 242, 249 (1927). Furthermore, when the indemnitor refuses to participate, the indemnitee has a reasonable right to settle with the claimant. Id. at 731. Thus, but for Deutsch’s discriminatory acts, Northeastern would not have had to defend, and eventually settle, the student’s OCR claim. Following Deutsch’s refusal to attend the OCR Settlement Conference, Northeastern properly proceeded without him.
Deutsch further argues that the indemnification clause cannot be applied retroactively to a third-party claim that Northeastern failed to inform him of when he signed the Agreement. In Polaroid v. Rollins Environmental Services (NJ), Inc., 416 Mass. 684, 691 (1993), the court found an indemnitor liable for cleanup mandated by the Comprehensive Environmental Response Compensation and Liability Act (CERCLA), a law enacted subsequent to its agreement to indemnify. The court held that the indemnification clause was broad enough to encompass all environmental liability claims. Id. at 693. Cf., Providence & Worcester R.R. v. Chevron U.S.A, Inc., 416 Mass. 319, 324 (1993) (indemnification agreement does not cover costs of defending lawsuit challenging actions taken before indemnitor acquired property). Similarly, the indemnification clause at issue here is broad enough to encompass the OCR claim. It is reasonable for the parties to expect that the indemnification agreement encompass third-party claims, such as the student’s OCR claim, that arise from Deutsch’s conduct before he signed the Agreement.
II. Fraudulent Misrepresentation
Deutsch argues that even if the indemnity clause is valid, he should not be held liable because Northeastern fraudulently induced him to sign the Agreement. To state a claim for fraudulent misrepresentation, the plaintiff “must show a false statement of a material fact made to induce the plaintiff to act, together with reliance on the false statement by the plaintiff to the plaintiffs detriment.” Zimmerman v. Kent, 31 Mass.App.Ct. 72, 77 (1991). To succeed, the plaintiff must meet all the elements. Id. Further, the plaintiffs unreasonable reliance on the false statement is a complete bar to recovery. Mahaney v. John Hancock Mut. Life Ins. Co., 6 Mass.App.Ct. 919, 920 (1978).
*425 First, the false statement must concern a material fact. Zimmerman, 31 Mass.App.Ct. at 78. The fact’s materiality is determined by “whether a reasonable man would attach importance [to the fact not disclosed] in determining his choice of action in the transaction in question.” Id. The plaintiff does not have to prove that the speaker knew that the statement was false. Id. Furthermore, the plaintiff is justified in relying on the statement’s truth even when an investigation may have allowed him to ascertain the false representation. Id.
Second, the plaintiffs reliance on the false statement must be reasonable. Id. Moreover, the plaintiffs claim will fail when the plaintiff knew that the defendant made a false statement, thereby making his reliance unreasonable. McEvoy Travel Bureau Inc. v. Norton Co., 408 Mass. 704, 713 (1990). Thus, the plaintiff must prove that he did not know of the facts which made his reliance unreasonable or could not have known. Id.
In the present case, a question of fact arises over whether or not Northeastern told Deutsch that there were no pending or potential third-party claims. The knowledge of the existence of third-party claims would have influenced Deutsch’s decision to sign the Agreement including the indemnity clause and thus is a material fact. Notwithstanding, the summary judgment record contains sufficient undisputed facts from which the court may reasonably infer that Deutsch knew or should have known of the student’s claim, thereby making his claimed reliance unreasonable. See Cote v. Astra USA, Inc., Civil No. 962501J (Mass. Super. Ct. Feb. 4, 1998) (Botsford, J.) (plaintiffs knowledge of widespread pattern of sexual harassment made plaintiffs reliance on defendant’s false statement that her sexual harassment claim was an isolated event unreasonable). In his deposition testimony, Deutsch states that he knew the student had filed a complaint with both Northeastern and the MCAD. Based on the facts presented, Deutsch was on notice that there were potential claims and therefore should have verified Northeastern’s statement that it knew of no third-party claims. Deutsch knew that complaints were often filed with the OCR in conjunction with MCAD. Deutsch could easily have verified whether there were any pending claims before he signed the Agreement. Therefore, based on the undisputed facts presented, Deutsch’s reliance on Northeastern’s alleged fraudulent misrepresentation is unreasonable.
ORDER
For the foregoing reasons, it is therefore ORDERED that Deutsch’s motion for summary judgment is DENIED and Northeastern’s motion for summary judgment is ALLOWED.

 The student filed a similar claim with the Massachusetts Commission Against Discrimination (“MCAD”) in November 1995. Prior to filing his claims with the OCR and MCAD, the student filed a complaint against Deutsch with Northeastern.